**A. F. DORMEYER COMPANY, Inc., a corporation, Plaintiff-Appellee,**

v.

**M. J. SALES & DISTRIBUTING CO., Inc., a corporation, Defendant-Appellant.**

**No. 71–1348.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1972.

Decided May 30, 1972.

Marvin L. Herman, Chicago, Ill., for appellant.

Douglas R. Carlson, Chicago, Ill., for appellee.

Before CASTLE, Senior Circuit Judge, KILEY, Circuit Judge, and GRANT *, District Judge.

GRANT, District Judge.

This is an appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division, denying defendant's motion to vacate a default judgment entered by said court on 5 February 1971. The question presented is whether the district court abused its discretion in failing to vacate a default judgment entered after a copy of defendant's answer was served upon the attorneys for plaintiff within the proper time, but said answer was not filed with the Clerk of the Court.

The plaintiff, A. F. Dormeyer Company, Inc., filed its complaint against the defendant, M. J. Sales & Distributing Co., Inc., on 21 October 1970. Summons [1] was served upon the defendant in its offices in New York on 5 November 1970. The president of the defendant corporation employed a New York attorney to represent the corporation in the action. The attorney prepared an answer to plaintiff's complaint and mailed it to plaintiff's attorneys on 19 November 1970. However, neither an original nor a copy of the answer was ever filed with the Clerk of the district court.

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. The summons provided as follows:
    You are hereby summoned and required to serve upon Douglas R. Carlson . . . . , plaintiff's attorney whose address is 6 North Michigan, Chicago, Illinois 60602, and answer to the complaint . . . within 20 days after service of this summons upon you . . If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

The cause was set for a report on status on 13 January 1971 at which time plaintiff's attorney informed the district court that an answer had been received by plaintiff's attorneys but that no answer or appearance had been filed with the Clerk of the court. The court set the cause for a further report on status on 27 January 1971 and suggested that plaintiff's counsel ask for a default at that time, if the defendant was still in default.

On 27 January 1971 the plaintiff's attorney filed an application for default judgment with the Clerk of the district court. At the status report, plaintiff's attorney informed the court of the application for default judgment and once again informed the court that an answer had been received by plaintiff's attorneys but that no answer or appearance had been filed with the Clerk of the court. The court entered an order of default and set the matter for prove-up. On 5 February 1971 the court entered a judgment in favor of the plaintiff in the sum of $37,144.59.

On 8 March 1971 the defendant received a letter from plaintiff's attorney informing it of the judgment entered 5 February 1971. Shortly thereafter, on 16 March 1971, defendant's attorneys appeared in court on a written motion to vacate the default judgment. The motion included as exhibits an affidavit of the defendant's New York attorney and a copy of the answer which had been mailed to plaintiff's attorneys. The district court denied the motion to vacate the default judgment. Finally, on 19 April 1971 the Court granted plaintiff's motion to reduce the judgment to $31,729.87.

The defendant contends that by serving a copy of the answer on the attorneys for plaintiff, it appeared in this action and, although not filing the original of the answer with the Clerk of the court, was entitled to notice from the plaintiff prior to the request for entry of a default and judgment, citing Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex.1961) and Kinnear

Corporation v. Crawford Door Sales Company, 49 F.R.D. 3 (D.C.S.C.1970). In both of these cases, the defendant's attorney moved to vacate a default judgment which was entered after the defendant, a layman, having received a summons, wrote to plaintiff's attorney but failed to take any further action. In the *Dalminter* case, the district court expressly held that the defendant's letter to the plaintiff's counsel in response to the summons constituted an appearance within the meaning of Rule 55(b) and therefore entitled the defendant to notice by the plaintiff of its application for default judgment in accordance with Rule 55(b). *Dalminter, supra,* 27 F.R. D. at 493.

Secondly, the defendant contends that under the circumstances, the district court abused its discretion in failing to vacate the default judgment. In support thereof, the defendant notes that its New York attorney, who mistakenly failed to file the answer with the Clerk of the district court, had practiced law for 37 years in New York where, unless the summons set forth the necessity for filing the appearance and answer with the Clerk of the court, it was not necessary to file an answer until the date of trial. More importantly, the defendant correctly notes that federal courts have uniformly held that the federal rules providing for setting aside a default and judgment should be given liberal construction. Patapoff v. Vollstedt's, Inc., 267 F.2d 863, 865 (9th Cir. 1959); Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34, 36 (1954). In the latter case, the District of Columbia Court of Appeals also stated:

"That the defendant personally was not negligent in the protection of her interests seems clear from the facts recited. In situations such as are here disclosed, the courts have been reluctant to attribute to the parties the errors of their legal representatives." *Barber, supra,* at 36.

The defendant further suggests that in the instant case, as in the *Barber* case, "no intervening equities are alleged which would cause hardships in the event the default were vacated . . ." *Ibid.*

The plaintiff argues that the case at bar is distinguishable from the *Dalminter* and *Kinnear* cases in two important respects: (1) attorneys, not laymen, mailed an answer to plaintiff and failed to file an answer or appearance with the Clerk, and (2) the court, at the time of the default, was made aware of the mailing of the answer to plaintiff's attorneys. Accordingly, the plaintiff contends that although the action taken by a layman in response to a summons may constitute "mistake, inadvertence, surprise, or excusable neglect", as set forth in Rule 60(b) (1), the same or similar action by attorneys may not warrant the same label.

We do not agree that the two distinctions noted by the plaintiff are significant enough to require a different result in the instant case than in the *Dalminter* and *Kinnear* cases. We find considerable merit in the defendant's argument that "in situations such as are here disclosed," courts should be "reluctant to attribute to the parties the errors of their legal representatives". *Barber, supra,* at 36. The defendant's New York attorney did mail a copy of the answer to plaintiff's counsel. He also indicated in an affidavit filed in support of the defendant's motion to vacate judgment that he was mistaken as to the necessity of filing an answer with the court because of "the wording of the summons, the Rules," and more importantly, his "experience in the State of New York". Moreover, the defendant alleged a meritorious defense in the answer mailed to plaintiff's counsel. The defendant also promptly moved to vacate the default judgment after being informed of its entry. As stated in Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692, 694 (1966):

> "The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful."

In view of all the circumstances, we are persuaded that the defendant's failure to file an answer with the court was attributable to "mistake" and "excusable neglect" within the meaning of Rule 60(b) and, therefore, the default judgment should have been vacated. Accordingly, the default judgment entered by the district court will be reversed and set aside and the default vacated.

At oral argument, plaintiff's counsel urged that in the event of reversal this court impose sanctions against the defendant. We agree that the defendant should be required to pay the costs of this appeal. However, we do not feel the plaintiff's counsel should be entitled to attorney fees since, as argued by defendant, the entire appeal could have been obviated had plaintiff's counsel written a letter to defendant's New York attorney prior to requesting default.

Reversed and remanded for further proceedings consistent with this opinion.