**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE 1979 ROLLS-ROYCE CORNICHE CONVERTIBLE, Defendant,**

**and**

**Paul Gibson, Claimant-Appellant.**

No. 84–1712.

United States Court of Appeals, Seventh Circuit.

Aug. 27, 1985.

Rehearing and Rehearing In Banc Denied Oct. 18, 1985.

Robert M. Hodge, Kaplan & Kaplan, Chicago, Ill., for defendant.

Heidi D. Miller, Asst. U.S. Atty., Chicago, Ill., for the U.S.

Before WOOD and FLAUM, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

Claimant-appellant Paul Gibson ("claimant") appeals from the district court's entry of a default judgment against him in an *in rem* proceeding to forfeit to the United States a 1979 Rolls-Royce Corniche Convertible automobile, of which the claimant claims to be the registered owner. The car was seized by the U.S. Drug Enforcement Administration ("DEA") pursuant to a warrant of seizure and monition and a verified forfeiture complaint, upon which the United States alleged that the claimant purchased the car with proceeds realized from illegal drug transactions in violation of Subchapter I, Chapter 13 of Title 21, United States Code. Claimant seeks review and reversal of the district court's final order of March 29, 1984, denying his motion under F.R.Civ.P. 60(b) to vacate the May 17, 1983 default decree of forfeiture. We affirm.

In July 1982, claimant purchased a 1979 Rolls-Royce Corniche Convertible from a car dealer in Chicago, Harry Woodnorth Automobiles, for $105,000. He paid about half of the purchase price with ten and twenty dollar bills. The car, however, was registered under an alias of Kenneth Train-

---

\* The Honorable Wesley E. Brown, Senior District Judge of the United States District Court for the District of Kansas, is sitting by designation.

er. Claimant later returned the car to the dealer and arranged to sell it on a consignment basis. Before the car could be resold, the United States filed a verified forfeiture complaint on January 10, 1983, seeking to forfeit the Rolls-Royce upon the allegation that it was purchased with money obtained from illegal drug transactions. On the same day, the DEA agents seized the car from the dealer by serving him with a warrant of seizure and a forfeiture complaint. The claimant learned about the seizure of his car by federal agents soon thereafter when he went to the dealer to take his car back. The dealer showed him the seizure warrant and the forfeiture complaint.

The car remained in the DEA's custody until March 7, 1983 when the U.S. Marshal seized the car from the DEA by serving it with an alias warrant of seizure. On March 17, 1983, the U.S. Marshal published the required notice in the Chicago Daily Law Bulletin. The notice provided that a default decree could be entered if any potential claimant failed to file a claim and answer for the seized car within 30 days of the notice publication. The Marshal also mailed a copy of that notice to the claimant, noting on the mailing address the various aliases also used by the claimant.

No one filed any claim and answer within the time allowed. The United States noticed a motion and hearing for a default decree on May 17, 1983 and served the motion on the claimant. On the date of the motion call, the claimant did not appear; and the district court entered the default decree of forfeiture which is now at issue in this appeal. Later that day, an attorney appeared on behalf of the claimant filed a motion to vacate the default decree and an answer to the forfeiture complaint. The district court scheduled a hearing on claimant's motion to vacate on May 27, 1983. On the date of the motion call, neither the claimant nor his attorney appeared. The district court continued the hearing to June 10, 1983. Again, the claimant and his attorney did not appear at the June 10th motion call. The district court entered an order denying the motion to vacate the

default decree of May 17, 1983. On September 1, 1983, more than two and one-half months after the entry of the June 10th order, the U.S. Marshal executed the judgment when it sold the car at a public auction. On September 15, 1983, the claimant filed another motion to vacate the default judgment. The only issue raised by the claimant was whether or not the default decree of May 17, 1983 should be vacated under Rule 60(b), F.R.Civ.P., on the basis of mistake, inadvertence, surprise, or excusable neglect. While the motion was pending, the Marshal received the proceeds of the sale and deposited it into the U.S. Treasury Registry on September 30, 1983. On April 24, 1984, the district court entered a memorandum and order denying the claimant's second motion to vacate the default judgment. This appeal follows.

■ On appeal, for the first time, the claimant challenges the sufficiency of the complaint and the adequacy of the notice and service of process. The claimant argues that these procedural defects would render the default judgment void. Even if these arguments were meritorious—and we are convinced that they are not—these claims of error cannot be urged on appeal because none of them was presented to the district court in the first instance. It is well established in this Circuit that procedural matters not properly presented to the trial court will not be noticed and considered by this Court as a basis of reversal. *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1333 (7th Cir.), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). This rule is adhered to except in some rare circumstances where a "plain miscarriage of justice" would otherwise occur, *Hormel v. Helvering*, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037, 1042 (1941), or the ultimate result would be "inconsistent with substantial justice," Rule 61, F.R.Civ.P. There is no issue as to the district court's subject matter jurisdiction in this *in rem* proceeding. *See United States v. Tyrrell*, 329 F.2d 341, 345 (7th Cir.1964). We find nothing in the claimant's entire contention in attacking the va-

lidity of the judgment which would require us to deviate from the normal parameter on appellate review.

 The only issue which is properly presented in this appeal is whether or not the district court erred in refusing to vacate the default judgment under Rule 60(b)(1) and (6).[1] Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *Ben Sager Chemical International v. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977). The standard of review for a denial of a Rule 60(b) motion is whether or not the district court abused its discretion. *Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1230 (7th Cir.1983). In order for the claimant to obtain relief, he must show (1) "good cause" for the default, (2) "quick action to correct it," and (3) a "meritorious defense" to the complaint. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir.1982).

 The record shows that the claimant fails all three tests to have the default judgment set aside. Claimant cannot establish good cause when he has conceded that he had notice of the ongoing forfeiture proceedings but elected to concentrate on matters he considered to be more important to him. Just because the claimant was under criminal investigation and possible grand jury indictment do not excuse him from attending the civil forfeiture proceedings being had against his property. Nor did the claimant meet the "quick action" requirement. The district court found in denying the claimant's belated motion to vacate that "final action was taken twice." The claimant and his attorneys knew of the proceedings, and "there was nothing to suggest that the claimant was affirmatively misled by his attorneys or that any of them labored under any special disabili-

ties." We have repeatedly upheld the trial court's denial of a rule 60(b) motion when the defaulting party was found to have "willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir. 1984) and the cases cited therein. As to his claim of meritorious defense to the complaint, we need not delve into any lengthy discussion to reject this specious argument. It is sufficient to say that the claimant's conclusory statement denying his Rolls-Royce was purchased with proceeds of illicit drug transactions has been dispelled by his criminal convictions on July 17, 1984, of conspiracy to distribute cocaine between 1978 and 1981 and of perjury before the grand jury.[2] We conclude that the district court did not abuse its discretion in refusing to vacate the default judgment under Rule 60(b).

 The United States has also maintained that this Court lacks the requisite jurisdiction to review this appeal when the *res* in an *in rem* action had been disposed of in an appropriate legal proceeding. The United States relies on a recent Ninth Circuit case, *United States v. $57,480.05 United States Currency,* 722 F.2d 1457 (9th Cir.1984), for the general principle that since the district court's jurisdiction derives from exercising its control of the defendant *res* in an *in rem* action, removal of the *res* from the control of the district court divests our appellate jurisdiction to review the merits of the contentions. *Id.* at 1458–59; *see also United States v. U.S. Currency in the Amount of $110,000,* 735 F.2d 326, 327 (9th Cir.1984). The claimant has responded to this argument by pointing out that the exception to this general rule should apply to this case. *See e.g., The Steamer Rio Grande v. Otis,* 90 U.S. (23

1. Rule 60(b) states in pertinent part: Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve the party or his legal representative from a final judgment, order, or proceeding for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment.

2. *U.S. v. Gibson,* No. 84–Cr.–158 (N.D.Ill.1984).

Wall.) 458, 23 L.Ed. 158 (1874) (court's jurisdiction remains over the *res* in an *in rem* action if the *res* is removed or released accidentally, fraudulently, or improperly from the court's control). The thrust of the claimant's arguments is that the release of the car by the district court for public auction and the deposit of the sale proceeds into the Treasury Department were "improper" because these actions were "accomplished upon a void decree" *ab initio*. Because we have decided that the default decree is not void and the district court did not abuse its discretion in declining to set aside the default decree, we hold that the disposition of the claimant's car by the United States pursuant to a valid judgment precludes this Court from exercising its appellate jurisdiction further in considering the relief sought by the claimant.

The district court's judgment in denying the claimant's Rule 60(b) motion to vacate the default decree is AFFIRMED; and the appeal by the claimant is DISMISSED for lack of jurisdiction over the *res*—the Rolls-Royce—which was disposed of properly pursuant to the default judgment.