Diane PASSARELLA, Plaintiff-Appellee,

v.

HILTON INTERNATIONAL CO.,
Defendant-Appellant.

No. 86–1032.

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 1986.

Decided Jan. 26, 1987.

Rehearing and Rehearing In Banc
Denied Feb. 18, 1987.

Swygert, Senior Circuit Judge, filed dissenting opinion.

Francis J. Leyhane, Condon, Cook, Roche, Chicago, Ill., for plaintiff-appellee.

Michael B. Cohen, Chicago, Ill., for defendant-appellant.

Before WOOD and COFFEY, Circuit Judges, and SWYGERT, Senior Circuit Judge.

COFFEY, Circuit Judge.

Hilton International Company (Hilton International) appeals from the district court's denial of Hilton's motion to vacate a default judgment entered against it pursuant to Federal Rule of Civil Procedure Rule 60(b). We reverse and vacate the default judgment.

I

This case arose out of the appellee Passarella's loss of her diamond engagement ring valued at $18,000 during a stay at the Caribe Hilton Hotel in Puerto Rico. Passarella filed a complaint against the Hilton Hotels Corporation on May 3, 1985 seeking a recovery of $18,000 for the lost ring. The district court dismissed the complaint *sua sponte* for failure to properly allege diversity of citizenship. Counsel for Hilton Hotels then informed Passarella that the Hilton International Company, not the Hilton Hotels Corporation, was the proper defendant. Passarella filed an amended complaint two weeks later, on May 17, 1985, substituting appellant Hilton International as the defendant. On May 20, Passarella

this instance. *NLRB v. Del Rey Tortilleria, Inc.,* 787 F.2d 1118, 1121 (7th Cir.1986).

served Hilton International's Vice President and General Counsel Melvin Milligan with a copy of the complaint, and Milligan executed the Acknowledgment of Receipt of Summons and Complaint and returned it to the plaintiff. Upon receipt of the complaint, Milligan forwarded it to the Continental Insurance Company, Hilton International's liability carrier via U.S. mail. Milligan mailed another letter to Continental on June 3 containing additional information concerning Passarella's claim. A search of Continental's records revealed that it did not receive either of Milligan's two letters and consequently took no action to represent Hilton International.

The district court granted Passarella's motion for a default judgment against Hilton International on July 3, after Passarella demonstrated that Hilton International had been properly served. On August 5, the district court heard evidence concerning Passarella's damages and entered judgment in the amount of $18,000 plus interests and costs against Hilton International. Passarella filed an affidavit of garnishment on August 22 directed to the Chase Manhattan Bank, alleged to be Hilton International's debtor. Milligan received a telephone call on September 18 from a representative of Chase Manhattan informing him of the pending garnishment proceeding. Attorneys for Hilton International filed appearances in the district court on September 20 and moved to vacate the default judgment entered against Hilton International. The district court denied Hilton International's motion to vacate default judgment pursuant to Federal Rule of Civil Procedure Rule 60(b), 108 F.R.D. 421, and Hilton International appeals.

## II

Hilton International contends that the trial court abused its discretion in denying its motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). Rule 60(b) states:

"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court."

In *C.K.S. Engineers, Inc. v. White Mountain Gypsum Company,* 726 F.2d 1202, 1205 (7th Cir.1984), we noted that "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment." *See also United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 946 (7th Cir.1978). In *A.F. Dormeyer Company v. M.J. Sales & Distributing Co.,* 461 F.2d 40, 43 (7th Cir. 1972), we stated that "[t]he philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action,

and where the default has not been willful." *See also Inryco, Inc. v. Metropolitan Engineering Company, Inc.,* 708 F.2d 1225, 1230 (7th Cir.1983). In *Ellingsworth v. Chrysler,* 665 F.2d 180, 184 (7th Cir. 1981), we stated that "[i]n order to qualify for relief from a judgment under Rule 60(b)(1), the defendants must demonstrate that the default judgment resulted from mistake, inadvertence, surprise or excusable neglect and that they have meritorious defense." *See also Ben Sager Chemicals International Inc. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977). Other cases from this circuit addressing motions to vacate default judgments pursuant to Rule 60(b) articulate tests similar to that stated in *Ellingsworth.* In *United States v. One 1979 Rolls-Royce Corniche,* 770 F.2d 713, 716 (7th Cir.1985), we stated that "[i]n order for the claimant to obtain relief he must show (1) 'good cause' for the default, (2) 'quick action to correct it,' and (3) a 'meritorious defense' to the complaint" (*quoting Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir.1982)).

Hilton International contends that it has a meritorious defense to Passarella's claim because it does not own or operate the Caribe Hilton and furthermore, Puerto Rico's Inkeeper's Act of 1955 bars Passarella's claim. The district court agreed that Hilton International demonstrated that it had a meritorious defense, but the court denied Hilton International's motion to vacate default judgment because Hilton International failed to establish that its failure to answer Passarella's complaint resulted from excusable neglect. 108 F.R.D. at 425. In *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981), we stated that "[a] default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing."

In *Ellingsworth,* we vacated a default judgment entered against the defendants when their attorney failed to appear on the date the district court had set for the trial. We noted in *Ellingsworth* that "[t]he de-fendants have been burdened with a $175,-000 judgment with no opportunity to present their defenses because their attorney misunderstood the court when it orally announced the date of trial." *Id.* at 185. In *A.F. Dormeyer Company v. M.J. Sales & Distributing,* 461 F.2d 40 (7th Cir.1972), we vacated a default judgment entered by the district court after the defendant failed to file an answer. The defendant's attorney in *A.F. Dormeyer* mistakenly failed to file an answer because he "had practiced law for 37 years in New York where, un-less the summons set forth the necessity for filing the appearance and answer with the Clerk of the court, it was not necessary to file an answer until the date of trial." *Id.* at 42.

The case at bar is similar to *Ellingsworth* and *A.F. Dormeyer* in that the defendant Hilton International mistakenly assumed that the Continental Insurance Company had received its two letters containing Passarella's complaint and information about the suit and that Continental had answered the complaint.

We have upheld the entry of default judgment in cases where parties have repeatedly failed to appear at status calls or otherwise have blatantly hindered the district court's efficient handling of the case. In *Inryco, Inc. v. Metropolitan Engineering Co., Inc.,* 708 F.2d 1225 (7th Cir.1983), this court upheld the district court's denial of a motion to vacate default judgment after stating that counsel for the defendants "showed a callous disregard for the procedures in this circuit." *Id.* at 1231. We stated:

"The district court in this case did not base its default judgment merely on Royce's failure to file an appearance. Instead, it found even construing the evidence in a light most favorable to the defendants, a record 'replete with inexcusable omissions, deceits, and irresponsibilities.' The court found that Royce never filed an appearance; never paid any filing fees; never answered the original or amended complaints, even after a reminder from Inryco's counsel; never

counterclaimed, even after being directed to do so by his client; never responded to interrogatories; failed for months to inform his clients of outstanding discovery requests; misrepresented to Inryco that he was having trouble getting documents from his clients; and failed to appear at five status calls without once attempting to ascertain from the court the current status of the case."

*Id.* at 1231. *See also C.K.S. Engineers, Inc. v. White Mountain Gypsum Company*, 726 F.2d 1202, 1203–04 (7th Cir.1984).

In the present case, the defendant received no notice of Passarella's suit other than the original service of the complaint. There is no indication from the record that Passarella and Hilton International ever conducted any settlement negotiations or had any other contact. The trial court entered a default against Hilton International on July 3 although Hilton International had been served very recently on May 20, 1985. After receiving the default judgment the plaintiff made no attempt whatsoever to notify the defendant of the default judgment against it but proceeded immediately with a garnishment action against the Chase Manhattan Bank as custodian of Hilton International's funds and thus its debtor. Upon learning of the garnishment and the default judgment on which it was based, Hilton International acted promptly in having its attorneys enter their appearances and filing a motion to vacate the default judgment and set aside the garnishment proceeding pursuant to Federal Rule of Civil Procedure 60(b).

While Hilton International was careless in not monitoring the suit after sending the file to its insurance company, the plaintiff did not extend Hilton International the usual professional courtesy extended to fellow professionals before the bar of informing the defendant before the entry of default judgment and garnishment. Passarella's attorney's action leads one to question it for the record reveals that Passarella was not anxious to have this case tried on the merits since she carefully avoided providing Hilton with any notice that would have informed Hilton International of its default despite the fact that Hilton had extended a similar courtesy to her when it notified her of the proper party to serve. Further, Passarella attempted to satisfy her judgment through a garnishment proceeding, a method more properly used as a last resort to secure payment of a judgment from a deadbeat, one who has a history of not paying his debts or judgments. Hilton International does not fall into this category. In *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981), we vacated a default judgment after stating that "[t]he record here reveals no willful pattern of disregard for the court's orders and rules." The record in the present case fails to reveal any "willful pattern of disregard for the court's orders." *Id.* In *Ellingsworth*, we also stated that "[a] default judgment, like a dismissal, is a harsh sanction which should be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." *Id.*

While it is clear that Hilton International should have been more careful in monitoring the progress of the complaint, subsequently served on the proper party with their cooperation, we do not agree with the district court's entry of default judgment against Hilton International. The dissent asserts that we have "chosen to substitute [our] judgment for the district court's reasonable conclusion in this case" and in so doing have "overstepp[ed] the bounds of our extremely limited standard of review." Instead, the dissent adopts what amounts to a form over substance approach to our review of motions to vacate default judgment completely ignoring the fact that Hilton would undoubtedly prevail at trial based on its claim that it does not own or operate the hotel where Passarella lost her ring and it seems rather foolish and senseless to waste valuable judicial time in an overburdened court system. Further, the dissent cavalierly brushes aside the fact that there is no evidence in the record that Hilton's failure to enter an appearance and thereby avoid the entry of default judgment against it was willful. Although we might question the wisdom of Hilton's

counsel in not following-up on the information he sent to Continental, as the Ninth Circuit noted in *Butner v. Neustadter*, 324 F.2d 783, 787 (9th Cir.1963), the "wisdom of the appellant's actions" (or inactions as in this case) is not determinative of whether the motion to vacate judgment should be granted. In *Butner*, the court explained that where doubts exist as to the events responsible for the entry of default judgment, those doubts should be resolved in favor of the party moving to vacate the default judgment. Thus, in a case where the defendant has a reasonable explanation for its conduct that excludes any possibility of willfullness, and the defendant has an obviously meritorious defense to the plaintiff's claim, the interests of justice—of allowing a trial on the merits to proceed to a judgment that is fair and based on a full presentation of the evidence—demand that the default judgment be vacated and the case allowed to proceed to trial. Hilton International did not attempt to delay or hinder Passarella's suit. Hilton actually assisted Passarella when informing her of the proper party defendant to be served. In view of Hilton's prompt response upon learning of the garnishment and default judgment, the courtesy it extended to Passarella, and the meritorious defense Hilton has to liability, we hold that Hilton's failure to appear and prevent the entry of default judgment against it was the result of excusable neglect. Accordingly, we reverse and order that the default judgment entered against Hilton International be vacated and that this case be remanded to the district court for trial.

SWYGERT, Senior Circuit Judge, dissenting.

The majority has chosen to substitute its judgment for the district court's reasonable conclusion in this case. Without compelling reasons to do so, it has departed from this circuit's deferential standard of review for refusals to reopen default judgments under Fed.R.Civ.P. 60(b). *See, e.g., Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1192–93 (7th Cir. 1986) ("[W]e are increasingly reluctant to reverse refusals to set [default judgments] aside."); *Tolliver v. Northrop Corp.*, 786 F.2d 316, 318 (7th Cir.1986) (" '[A]buse of discretion' in cases under Rule 60(b) is restricted review indeed. It limits review to cases in which no reasonable person could agree with the district court's decision. *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 830–32 (7th Cir.1985)"); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205–06 (7th Cir. 1984); *United States v. DeFrantz*, 708 F.2d 310 (7th Cir.1983); *Brewer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182 (7th Cir.1982).

As we noted in *Tolliver:*

> The decision under Rule 60(b) is discretion piled on discretion, and . . . such doubly discretionary decisions stand unless the judge was very far off base—if the judge relied on forbidden factors or omitted to consider some important relevant factor.

786 F.2d at 319. Here, the district court neither relied on forbidden factors nor failed to consider relevant information. The court simply decided that the reasons for Hilton's failure to file an answer did not meet the standard of excusable neglect. Hilton's vice president and general counsel, Melvin Milligan, claimed he mailed two letters containing the complaint and additional information to Hilton's liability carrier, expecting the carrier to proceed with the defense. Both letters apparently were lost in the mail and Milligan never followed up with the carrier to learn the status of the litigation. The district court held that Hilton "failed to show it was not careless or negligent" in neglecting to answer the complaint. *Passarella v. Hilton Int'l Co.*, 108 F.R.D. 421, 425–26 (N.D.Ill.1985). This is surely not an unreasonable conclusion. *See Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) (attorney's ignorance or carelessness does not suffice for "excusable neglect" under Rule 60(b)(1)).

While we might have decided the issue differently, that simply is not our option on review. Instead, we must determine

whether the district court abused its discretion. The district court's holding of no excusable neglect surely falls into the discretionary realm of "judgment call." This was not a clear case and this makes it precisely the kind of case where a court of appeals should step back and give the district court room to exercise that judgment. The district court is in the best position to weigh the "imponderables": the need for finality of litigation, the expectations of the parties, the unfairness of the default judgment, and the strength of the defendant's excuse. *See Dimmitt & Owens*, 787 F.2d at 1193; *Tolliver*, 786 F.2d at 318-19. Also, although the desire for judicial efficiency should not override considerations of justice, trial judges must closely monitor their calendars and prevent needless delay. *Kagan*, 795 F.2d at 608. Thus, the "nearly impossible demands placed on trial judges in the overburdened federal court system" also weighs in the balance of imponderables. *Id.*

In weighing these factors, Judge Shadur made his decision within permissible, reasonable bounds. It is the majority here that oversteps the bounds of our extremely limited standard of review.

I would affirm.