**UNITED STATES of America, Plaintiff,**

v.

**ASBESTOS SAFETY, INC., Defendant.**

**No. 87 C 3945.**

United States District Court,
N.D. Illinois, E.D.

March 7, 1988.

---

Anton R. Valukas, U.S. Atty., Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Allan Peters, Arlington Heights, Ill., John D. Kightlinger, Meinhardt & Kightlinger, Ltd., Mt. Prospect, Ill., for defendant.

*MEMORANDUM OPINION*

BRIAN BARNETT DUFF, District Judge.

In a one week period, from October 9 to October 16, 1987, defendant's counsel ("defendant"), a sole practitioner, missed two status hearings. The first because he inadvertently omitted it from his calendar; the second because he was delayed at his office and arrived at the courthouse nearly two hours late. On the latter date, the court entered a default judgment on the complaint against defendant. The judge also dismissed his counterclaim though, as it turns out, plaintiff did not properly notice the motion to dismiss for the hearing.

On November 24, defendant appeared before the magistrate assigned to this case and indicated he would soon be moving to vacate the default judgment (and, presumably, the dismissal of the counterclaim). He finally did so, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on December 24, 1987. Although this court finds defendant's conduct in this case to date unacceptable, it will grant defendant's motion at the present time.

The Seventh Circuit has made it abundantly clear that "a 'default judgment, like a dismissal, is a harsh sanction which

**392**

should be employed only in extreme situations, or when less drastic sanctions have proven unavailing.'" *Passarella v. Hilton International Co.*, 810 F.2d 674 (7th Cir. 1987), *quoting, Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981). Thus, although to obtain relief from the defendant pursuant to Rule 60(b)(1) defendant must show "(1) 'good cause' for the default, (2) 'quick action to correct it,' and (3) a 'meritorious defense' to the complaint," *United States v. One 1979 Rolls Royce Corniche*, 770 F.2d 713, 716 (7th Cir.1985), *quoting, Breuer Electric Manufacturing v. Tornado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir.1982), these requirements must, at least in the first instance, be liberally applied. *See, e.g., Passarella v. Hilton International Co.*, 810 F.2d at 677 ("good cause" shown where attorney's conduct, though improper, did not indicate "willful pattern of disregard for the court's orders and rules").

In this case, defendant demonstrated irresponsibility in missing his appointments, neglect in delaying the motion to vacate, laziness in providing a rather superficial argument that his estoppel defense is "meritorious." Nevertheless, these problems are not yet so serious as to mandate a default or dismissal. Defendant has indicated regret for his errors, and has even brought in another attorney to assist him on the case. Furthermore, the case is still young and there is no indication that plaintiff has been prejudiced in any way by the delay.

Accordingly, assuming as this court does that defendant's conduct in the future will adhere to the high standards required of attorneys, and that defendant will promptly move to file his amended answer, this court will vacate the order of October 16, 1987 at this time. The court hastens to add, however, that further mistakes, inadvertence and neglect on defendant's part will not receive such a mild response in the future.