974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond S. PETERSEN and Steve Petersen, Plaintiffs/Appellants
v.
Peter A. WASEM, individually, Robert Perta, individually and
Elite Financial Group Limited, Defendants/Appellees.
 No. 91-3885.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 4, 1992.
Decided Aug. 20, 1992.
 
 Before CUDAHY, and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellants Steve and Raymond Petersen (the Petersens) appeal the district court's denial of their Rule 60(b) motion. We affirm.
 
 I. BACKGROUND
 
 2
 Shortly after the Petersens filed this action alleging securities fraud, the defendants moved to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). The defendants based their motion on the Petersens' unspecific allegations of fraud and on their failure to allege a transaction involving a "security." Fed.R.Civ.P. 9(b). In reply to the defendants' claims, the Petersens filed both a "Response to Defendants Motion to Dismiss" and a "Motion to Amend Plaintiffs' Complaint."
 
 
 3
 On June 27, 1991, the district court dismissed the case on the grounds raised by the defendants. The court's order also stated:
 
 
 4
 In plaintiffs' response to defendants' motion to dismiss, plaintiffs move for leave to amend their complaint in order to address the objection raised by defendants. The response brief is an improper vehicle for requesting such leave. Plaintiffs may request move [sic] for leave to amend by properly filing a motion before this court with the first amended complaint attached.
 
 
 5
 As the court suggested, the Petersens moved for leave to file an amended complaint, but they failed to do so until September 14, 1991, over two months after the deadline for a Rule 59(e) motion. Because Rule 59(e) relief was unavailable, the Petersens filed their motion under Rule 60(b), alleging excusable neglect. The motion was denied, and the Petersens appeal.
 
 II. ANALYSIS
 
 6
 Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to vacate a judgment against a party who shows exceptional circumstances such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Fed.R.Civ.P. 60(b); Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). Because the denial of a Rule 60(b) motion rests in the discretion of the district court, we will only reverse if "no reasonable person could agree" with the court. Id.
 
 
 7
 In their motion, the Petersens requested vacation of a judgment because of excusable neglect. This neglect allegedly occurred after the final judgment, when the Petersens' attorney was involved in a lengthy jury trial. The trial prevented counsel from amending their complaint by filing a Rule 59(e) motion to alter and amend judgment. The Petersens contend that, had the motion been filed, it would have been granted. The Petersens further argue that because the attorney's commitments prevented him from filing the Rule 59(e) motion, the judgment should be vacated in order to allow them to file an amended complaint.
 
 
 8
 The attorney's involvement in a jury trial is not excusable neglect. Kagan v. Caterpiller Tractor Co., 795 F.2d 601, 609 (7th Cir.1986); Pryor v. United States Postal Serv., 764 F.2d 281, 287 (5th Cir.1985); Solarall Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir.1986). Despite the pending trial, counsel could have arranged for a substitute attorney or filed the 59(e) motion himself. See Kagan, 795 F.2d at 609. Rule 59(e) only requires an attorney to file a simple motion within ten days of judgment; he may request additional time to file his brief in support of the motion or his amended complaint. Western Transp. Co. v. E.I. Du Pont De Nemours & Co., 682 F.2d 1233, 1236 (7th Cir.1982). Given this minimal requirement, the attorney's conduct was negligent, not excusable, and hence not a ground for relief. Id.
 
 
 9
 The Petersens disagree, arguing that the attorney's conduct is excusable unless willful. In support of their argument, the Petersens cite several cases discussing the vacation of default judgments. See North Cent. Laborers v. S.J. Groves & Sons Co., 842 F.2d at 167; Passarella v. Hilton Int'l Co., 810 F.2d 674 (7th Cir.1987). However, the cases are distinguishable:
 
 
 10
 A default judgment ... is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailable. We have recently re-affirmed that this circuit has a well-established policy favoring a trial on the merits over a default judgment.
 
 
 11
 North Cent. Illinois Laborers, 842 F.2d at 167 (citations and quotations omitted). We uphold this policy by applying Rule 60(b) liberally, absent a showing of willfulness. Id.
 
 
 12
 Different standards apply to the Petersens' case, which was terminated on the merits. Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 645 (7th Cir.), cert. denied, 479 U.S. 987 (1986) (a dismissal for failure to state a claim is a dismissal on the merits). In such cases, we have held that Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." Reinsurance Co., 902 F.2d at 1277. We have also found that attorney negligence is not a ground for relief from a judgment on the merits. Western Transp. Co., 682 F.2d 1233.
 
 
 13
 The district court was therefore justified in denying the Petersens' motion despite their attorney's involvement in a jury trial. The order of the district court is
 
 
 14
 AFFIRMED.