993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
225 STANDISH STREET, ELGIN, ILLINOIS, One 1969 Chevrolet
Corvette, and One 1985 Cadillac Coupe, Defendants,
Appeal of Michael WILLIAMS, Harriet Schroeder, and Edward S. Williams.
 
 No. 92-2358.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 13, 1993.
Rehearing Denied May 28, 1993.
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In December 1991 the United States filed a forfeiture complaint against a home, a Corvette, and a Cadillac believed to have purchased with the proceeds of Michael Williams's illegal drug activity. 21 U.S.C. § 881(a)(6). With Williams watching, United States Marshals seized the house and cars in January 1992. On February 7 the Marshals published notice of the seizure, declaring that any claim on the property had to be filed within ten days of the publication date, and that any answer to the complaint was due within twenty days of filing the claim. See Fed.R.Civ.P., Supplemental Rule C(4), (6). The Marshals also mailed notice of the seizure and a copy of the complaint to Michael Williams at the house at 225 Standish.
 
 
 2
 No claims were filed within the ten-day period, and at the first status hearing on March 3, 1992, no one appeared for any claimant, despite the fact that an attorney for the claimants had filed an appearance more than a week before. The United States then moved for a default judgment, which the court granted. Three weeks later, on March 26, the claimants' attorney filed a motion to vacate the default order under Fed.R.Civ.P. 60(b), arguing that he had been unable to communicate with Michael Williams and that the other two claimants, Harriet Schroeder (Williams's mother; co-owner of the house and title-holder to the Corvette), and Edward Williams (Williams's son; title-holder to the Cadillac), had not received proper notice and were "innocent owners" of the property. The court denied the motion, and the claimants appeal.
 
 
 3
 Refusals to vacate default judgments are reviewed for an abuse of discretion. United States v. One 1979 Rolls-Royce Corniche, 770 F.2d 713, 716 (7th Cir.1985). To prevail, the movant must show: (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. Id.
 
 
 4
 Abandoning the "lack of communication" argument pressed in the district court, the appellants now contend that their default was the result of excusable neglect. Specifically, they assert that they met with their attorney one day after the seizure and that the attorney assured them that everything would be taken care of, that he would file a claim on the property. Since the attorney did not fulfill his promise, they conclude, the default ought to be excused.
 
 
 5
 Unfortunately for the appellants, the Supreme Court has recently made it quite clear that litigants attempting to excuse a default or missed deadline must "be held accountable for the acts and omissions of their chosen counsel." Pioneer Investment Services Co. v. Brunswick Associates, 61 U.S.L.W. 4263, 4268, 1993 U.S. LEXIS * 2402, * 2430 (March 24, 1993). "Consequently, in determining whether [the claimants'] failure to file their proofs of claim prior to [the expiration of the ten-day period] was excusable, the proper focus is upon whether the neglect of [claimants] and their counsel was excusable." Id. Having given up on the "lack of communication" argument (which was, in any event, properly rejected by the district court), appellants have offered no excuse for their attorney's neglect. Thus, there is no good reason to vacate the default.
 
 
 6
 Harriet Schroeder and Edward Williams also attack the judgment on the ground that they never received personal notice of the seizure. But the fact is that they had no right to personal service; under Supplemental Rule E(4)(b) of the Federal Rules of Civil Procedure personal service is not required for those not in possession of the property.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record