COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania corporation, Plaintiff,

v.

ASSURED ENTERPRISES, LTD., an Illinois corporation, Defendant.

No. 93 C 3701.

United States District Court, N.D. Illinois, E.D.

Sept. 30, 1993.

David L. Doyle, Erin K. Higgins, Pope & John, Ltd., Chicago, IL, for plaintiff.

David I. Herbst, Kenneth Clark Schirle, Holleb & Coff, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is defendant Assured Enterprises, Ltd.'s ("AEL") motion to vacate a default judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

## BACKGROUND

The facts in this case are undisputed.[1] On June 21, 1993, plaintiff Colonial Penn Life Insurance Company ("Colonial") filed an action pursuant to 28 U.S.C. § 1332. Colonial alleged in its complaint that AEL failed to pay the sum of $121,765.80 under a certain agreement the parties entered into on May 18, 1987 (the "Agreement"). On June 22, 1993, Colonial effectuated proper service on AEL by serving a copy of the summons and complaint.

1. The following facts are drawn from the pleadings and affidavits submitted to the court.

In July of 1993,[2] Ted S. Berstein ("Berstein"), the president of AEL, was informed of Colonial's action against AEL. Upon learning of Colonial's action, Berstein instructed the "company attorney"[3] to address the matter. Subsequently, Berstein went on an extended vacation to Alaska. While Berstein was on vacation, the company attorney failed to answer or otherwise plead in response to the complaint within the required twenty-day period. As a result, on July 30, 1993, Colonial filed a motion seeking a default judgment against AEL and provided AEL appropriate notice of the motion. On August 11, 1993, this court granted the motion and entered a judgment in the amount of $170,873.74[4] plus costs.

During the second week of August, 1993, Berstein returned to Chicago from his vacation and discovered that no response to Colonial's complaint had been filed and that the court had entered a default judgment against AEL. Upon discovering that the company attorney neglected to respond to Colonial's complaint, Berstein retained outside counsel to remedy the default judgment. On September 3, 1993, attorneys for AEL filed their appearances and AEL's motion to vacate the default judgment.

### DISCUSSION

■ In addressing AEL's motion to vacate the default judgment under Rule 60(b)(1)[5] of the Federal Rules of Civil Procedure, this court is obligated to consider and to balance the competing interests related to default judgments. It is the policy of the Seventh Circuit to favor trials on the merits over default judgments. *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675 (7th Cir.1987). A default judgment is a harsh sanction which should be employed only in extreme situations. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981). On the other side of the balance, however, district courts have a responsibility to maintain their court calendars as current as possible, to comply with the rules of procedure, and to enforce the finality of judgments. *North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (7th Cir.1988). In addition, to effectively prevent and deter parties from irresponsible conduct in litigation, district courts must acknowledge and enforce default judgments. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir.1984).

■ The policy of favoring trials on the merits is not a blanket policy that is to be applied in every situation. For the competing interests to weigh in favor of vacating the default judgment, the defaulting party must establish certain criteria. To prevail in a Rule 60(b)(1) motion, the movant has the burden of establishing that its failure to timely answer or otherwise plead was due to "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). The movant must also demonstrate that it acted promptly to remedy the default and that it has a meritorious defense to the action. *Passarella*, 810 F.2d at 676. A defense is considered meritorious "if it is good at law to give the factfinder some determination to make." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir.1986).

■ AEL fails to satisfy the relevant criteria necessary to vacate the default judgment. This court has reviewed the pleadings and Berstein's affidavit to determine whether AEL's failure to timely respond to Colonial's complaint was due to "mistake, inadvertence, surprise or excusable neglect" and whether AEL has asserted a meritorious defense to Colonial's claim. This court finds in the negative with respect to both issues.

---

**2.** AEL did not supply the specific date when Berstein was informed of Colonial's action.

**3.** AEL did not disclose the identity of the "company attorney" in its motion to vacate or in its reply to Colonial's response.

**4.** On June 19, 1989, the date of default, interest on the outstanding balance became due to Colonial in the amount of $11,226.81. Colonial further prayed for interest at the rate of 9.22% from June 19, 1989 to the date of judgment.

**5.** Rule 60(b)(1) in relevant part provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Fed.R.Civ.P. 60(b)(1).

■ Mere ignorance or carelessness of litigants or their attorneys is not an adequate basis for relief under Rule 60(b)(1). *S.J. Groves*, 842 F.2d at 167; *see also Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) (a careless attitude is not a proper basis for relief under Rule 60(b)(1)). In *S.J. Groves*, the defendant-movant was properly served with a copy of the summons and complaint, but the in-house legal staff overlooked the notice and failed to take proper actions to avoid a default judgment. As a result, a default judgment was entered against the defendant-movant. The defendant-movant explained to the district court that at the time of the service, its legal staff was short-handed and the notice of the complaint was "inadvertently overlooked." The district court denied the motion to vacate the judgment. The court reasoned that the legal staff's mistake of overlooking the properly executed service may have been inadvertent, but not excusable. *Id.* at 166.

On appeal, the Court of Appeals for the Seventh Circuit affirmed the district court's decision and held that the district court did not abuse its discretion. *Id.* at 168. The Seventh Circuit recognized that the "common thread" which runs through its decisions addressing 60(b)(1) motions is the wilfulness of the defaulting party. In *S.J. Groves*, the defendant-movant's conduct did not rise to the level of blatant disregard for the district court's orders. *Id.* at 167. Nevertheless, the *S.J. Groves* Court determined that Rule 60(b)(1) cannot be applied liberally where the events causing the default judgment were within the meaningful control of the defaulting party. *Id.*

AEL's explanation for failing to timely file an answer or otherwise plead is inadequate to demonstrate the good cause necessary to set aside the default judgment. Berstein's affidavit, submitted in support of AEL's motion to vacate the default judgment, establishes that Berstein knew of the pending action that was properly filed against AEL and that he instructed the company attorney to file the necessary pleadings in response to the action. Berstein's affidavit fails to identify the mistake, inadvertence, surprise or excusable neglect that caused the default.

The individual able to explain the reason for AEL's failure to timely plead is the company attorney. AEL, however, did not submit an affidavit of the company attorney. AEL's allegation that "[f]or whatever reason, there was a lack of understanding, miscommunication or simple mistake, and counsel's failure to respond resulted in the entry of a large default judgmentt [sic] against [AEL]" is pure speculation. This court will not entertain speculative reasons to determine whether they fall within the parameter of Rule 60(b)(1).

The events that AEL asserts caused the entry of default judgment against it were within AEL's meaningful control. AEL alleges that the company attorney, who is under the direct control of AEL, was specifically instructed to "take care of the [Colonial] matter" (AEL's Motion to Vacate Default Judgment Exhibit A ¶ 2), but that he neglected to timely respond. However, "[i]t is not simply the neglect which warrants relief under Rule 60(b) but rather 'excusable' neglect." *Zuelzke Tool*, 925 F.2d at 229. In today's society with numerous technologically-advanced communication devices (i.e., cellular telephones, fax machines, and overnight mailings) Berstein could have prevented the default judgment by simply contacting the company attorney to reinforce the need to promptly respond to Colonial's claim. Therefore, this court finds that AEL has failed to satisfy the conditions of Rule 60(b)(1) of the Federal Rules of Civil Procedure.

■ Furthermore, AEL has failed to satisfy the requirement that it adduce a meritorious defense. AEL's statute of limitations defense is meritless.[6] AEL correctly argues

---

6. AEL attached a motion to dismiss Colonial's complaint as an exhibit to its motion to vacate the default judgment. The motion to dismiss is based on the argument that Colonial's action is time barred under the relevant Pennsylvania statute of limitations. Subsequently, AEL, in a footnote in its reply, withdraws the motion to dismiss as an exhibit. The relevant footnote states that "[w]ith respect to the requirement that [AEL] raise a meritorious defense, [AEL] will withdraw its Motion to Dismiss previously tendered to the Court. In its place, [AEL] requests that it be

that to justify a vacation of a default judgment under Rule 60(b)(1), the movant must allege a meritorious defense. *Ellingsworth v. Chrysler*, 665 F.2d 180, 184 (7th Cir.1981); *see, e.g., Passarella*, 810 F.2d at 676 (defendant asserted that it did not own or operate property where alleged tortious act occurred); *Bieganek*, 801 F.2d at 881 (the defendant factually disputed many of plaintiff's allegations). AEL asserts that the Agreement is subject to the laws of Pennsylvania and thus, Colonial's action is time barred under the relevant provisions of the Pennsylvania statute of limitations.[7] The argument lacks legal basis.

 It is a well-settled principle that this federal court, exercising diversity jurisdiction over the parties and sitting in the State of Illinois, must apply the choice-of-law rules of Illinois. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Illinois' choice-of-law rule dictates that Illinois law will control procedural issues. In Illinois, a statute of limitations is procedural in nature and thus not subject to the application of foreign state law. *Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir.) *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977). This rule applies even to those situations in which the contracting parties have included a choice-of-law provision within the contract. "Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statute of limitations." *Federal Deposit Ins. Co. v. Petersen*, 770 F.2d 141, 142 (10th Cir.1985). In the instant case, Illinois' statute of limitations for actions arising out of a written contract, which is ten years,[8] applies, rather than the Pennsylvania's four-year limitations provision. Hence, Colonial's cause of action which accrued on June 19, 1989 was timely filed on June 21, 1993.

In sum, AEL has failed to satisfy the necessary criteria under Rule 60(b)(1) and failed to assert a meritorious defense to Colonial's claim. Thus, without an excusable explanation for the default and a meritorious defense, the competing interests weigh in favor of preserving the sanctity of the final judgment.

### CONCLUSION

For the foregoing reasons, AEL's motion to vacate the default judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure is denied.

IT IS SO ORDERED.

---

permitted to file an answer to Colonial's complaint." (AEL's Reply Memorandum in Further Support of Its Motion to Vacate Default Judgment, at [3] n. 1).

This court will address AEL's statute of limitations defense as raised in the motion to dismiss because AEL has neither submitted an answer to the complaint nor filed a motion to amend its motion to vacate the default judgment to include the answer.

7. The Agreement contains a choice-of-law provision. The provision provides that "[t]his agreement shall be subject to and construed under the laws of the Commonwealth of Pennsylvania." (AEL's Motion to Vacate Default Judgment Exhibit B at 1). Under the relevant Pennsylvania statute of limitations, Colonial had four years to initiate a breach of contract claim against AEL. 42 Pa.C.S.A. § 5525 (1993).

