[Civ. No. 32224. First Dist., Div. One. Aug. 16, 1974.]

ANCORA-CITRONELLE CORPORATION, Plaintiff and Respondent, v. HAROLD GREEN et al., Defendants and Appellants.

**COUNSEL**

Layman & Lempert and Arthur J. Lempert for Defendants and Appellants.

Lillick, McHose, Wheat, Adams & Charles and H. Donald Harris, Jr., for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendants Harold Green, Genevieve Herrill, Ancora Corporation, Verde Enterprises, a corporation, and Ancora-Verde Corporation, have appealed from an injunction pendente lite (entitled "Order Enjoining Transfer") entered in favor of plaintiff Ancora-Citronelle Corporation. By it they are enjoined "from any sale, hypothecation or transfer in trust or otherwise, of all interests they may own, control or claim" in certain oil fields and other real property, and certain corporate stock. The property covered by the injunction appears to be around $2,000,000 in value.

A principal contention of defendants is that the injunction is invalid for lack of a verified complaint, or affidavits, or declarations under penalty of perjury, establishing sufficient grounds therefor.

At this point we assume, arguendo, that the factual recitals of plaintiff's complaint and declarations were sufficient to support the injunction *if* they were in compliance with Code of Civil Procedure section 527, which, as relevant here, states: "An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits[1] if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor. . . ."

■ It is said: " 'To issue an injunction is the exercise of a delicate power, requiring great caution and sound discretion, and rarely, if ever, should [it] be exercised in a doubtful case. . . .' " (*Willis* v. *Lauridson*, 161 Cal. 106, 117 [118 P. 530]; *West* v. *Lind*, 186 Cal.App.2d 563, 569 [9 Cal.Rptr. 288]; *Mallon* v. *City of Long Beach*, 164 Cal.App.2d 178, 190 [330 P.2d 423].) It was undoubtedly such considerations as motivated the Legislature in decreeing, by section 527, that an injunction may issue *only* upon a satisfactory showing of sufficient facts *under oath*. The availability of criminal sanctions for perjury was calculated to insure that injunction applications be substantially supported by a truthful factual representation, and made in good faith.

■ The requirement that good cause, *under oath,* must be shown in support of an injunction, is jurisdictional. It was said in *Harlan* v. *Superior Court,* 94 Cal.App.2d 902, 905 [211 P.2d 942] [disapproved on other grounds, *Signal Oil etc. Co.* v. *Ashland Oil etc. Co.* (1958) 49 Cal.2d 764, 775, fn. 5 (322 P.2d 1)]:

---

[1]Declarations "under penalty of perjury" are, of course, the equivalent of such affidavits. (See Code Civ. Proc., § 2015.5.)

"*A verified showing is indispensable to the exercise of injunctive power* [our italics] under the rule that 'though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, *or to act without the occurrence of certain procedural prerequisites.*' [Italics in original.] . . . *Accordingly, because of the failure to observe the procedural requirements of section 527, the court was without jurisdiction to render the order* [our italics] for the alleged violation of which petitioner was adjudged guilty of contempt. . . ."

███ The support, if any, for the instant injunction pendente lite is to be found principally in plaintiff's complaint. We therefore first direct our attention to that pleading. We observe that as filed, its allegations were not verified in the manner required by Code of Civil Procedure section 446, or in any other manner. Nor was an amendment to the complaint so verified when filed. On the other hand defendants' answer to the complaint was verified under oath.

Thereafter, an accountant for plaintiff filed his declaration, under penalty of perjury, in the action. One of its allegations recited: "He is familiar with the matters alleged in the complaint and first amendment [thereto] and based thereon knows that the allegations of said complaint and of said first amendment are *meritorious*." (Italics added.)

Plaintiff urges that the recital of the declaration that the allegations of the complaint, as amended, are "meritorious" is the substantial equivalent of an allegation that they are "true."

But no authority is offered indicating such a similarity of meaning. We note that Webster's New International Dictionary (3d ed. 1971), defines "meritorious" as "worthy of reward, gratitude, honor, or esteem." Throughout the reported cases we find no use of the term directly to describe "allegations" of a pleading. However, in relation to a cause of action, or defense thereto, it has been held to mean: "worthy of a trial in court" (*Herlihy* v. *Kane,* 310 Mass. 457 [38 N.E.2d 620, 622]); "worthy of presentation to a court" (*Petition of General Motors Corporation,* 344 Mass. 481 [182 N.E.2d 815]); "worthy of presentation, [and] not one which is sure of success" (*Medford Red Cab, Inc.* v. *Duncan,* 341 Mass. 708 [172 N.E.2d 260, 261]); "raising a question of law deserving some investigation and discussion or a real controversy as to essential facts" (*Lovell* v. *Lovell,* 276 Mass. 10 [176 N.E. 210, 211]); and "going to the merits, substance, or essentials of the case as alleged in the petition, as distinguished from dilatory or technical objections" (*Frizell* v. *Northern Trust Co. of Chicago, Ill.,* 144 Kan. 481 [61 P.2d 1344, 1346]).

After the date set for hearing on the motion for an injunction pendente lite, and apparently because lack of a verified complaint had been pointed out, the treasurer of plaintiff subscribed a document under penalty of perjury which among other things stated: "He has read the Complaint and First Amendment to Complaint herein and *to the extent of his knowledge, information or belief, the allegations thereof are true.*" (Italics added.)

We note that this "verification" is consistent with the declarant having no knowledge whatever of the alleged facts of these pleadings, and that nowhere does it say that those alleged facts are true. ▮▮▮ It falls far short of the statutory requirement of Code of Civil Procedure section 446 that: "In all cases of a verification of a pleading, *the affidavit of the party shall state that the same is true of his own knowledge,* except as to the matters which are therein stated on his information or belief,[2] and as to those matters that he believes it to be true; . . ." (Italics added.)

▮ We advert now to two declarations under penalty of perjury relied upon by plaintiff. The first of these is of plaintiff's accountant. We find nothing in it supportive of the injunction pendente lite. The other, at least debatably, would tend to support some modicum of injunctive relief, but not the extensive strictures of the injunction pendente lite here under consideration.

▮ It is the clear policy of the law that the drastic remedy of an injunction pendente lite may not be permitted except upon a sufficient factual showing, by someone having knowledge thereof, made under oath or by declaration under penalty of perjury. The oath or declaration must be in such form that criminal sanctions of perjury might apply where material facts so declared to be true, are in fact not true or are not known to be true. ▮ By these standards the record upon which the subject injunction pendente lite of the appeal was granted, was clearly deficient.

For these several reasons we are impelled to hold that the injunction pendente lite was erroneously granted by the superior court.

We find it unnecessary to our disposition of the appeal to determine whether, had the complaint and amendment to the complaint been verified, "sufficient grounds" (see Code Civ. Proc., § 527) would have existed for the injunction pendente lite. Nor need we pass upon the adequacy of the

---

[2]Allegations declared to be true on "information and belief" will not support an injunction. (*Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499, 503 [199 P.2d 400].)

$25,000 undertaking ordered posted by the trial court before the injunction issued.

We find it unnecessary to a resolution of the appeal to consider other points raised by the parties.

The injunction pendente lite, called "Order Enjoining Transfer," filed May 19, 1972, is reversed.

Molinari, P. J., concurred.