**UNITED STATES of America, Plaintiff–Appellee,**

v.

**TIT'S COCKTAIL LOUNGE, et al., Defendants.**

**Appeals of Diane GRIFFIN, Betty McNulty.**

**Nos. 88–1298, 88–1352.**

United States Court of Appeals, Seventh Circuit.

Submitted March 16, 1989.

Decided April 14, 1989.

Thomas J. Fleischmann, Terence E. Flynn, Mark S. Dym, and Gessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd. Chicago, Ill., for defendants-appellants.

Anton R. Valukas, U.S. Atty., Nancy K. Needles, and Jeanne M. Witherspoon, Asst. U.S. Attys., Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, MANION and KANNE, Circuit Judges.

PER CURIAM.

The United States moved to dismiss the appeal in this 21 U.S.C. § 881 *in rem* forfeiture action for lack of jurisdiction as to those properties already forfeited and sold pending appeal. Respondents Diane Griffin and Blacon Foods, Inc. (Blacon) allege that such dismissal would be improper given this court's *in personam* jurisdiction and the government's alleged failure to comply with 21 U.S.C. § 853(n)'s notice and hearing requirements. For the following reasons, we grant the government's motion.

I.

The government filed this 21 U.S.C. § 881 civil forfeiture proceeding against fourteen businesses and real properties (properties) allegedly used in drug trafficking. The district court had *in rem* jurisdiction over these properties under 28 U.S.C. § 1345 and 1355. Proper notice and process was had at the start of the action pursuant to Rule C (Actions in Rem: Special Provisions) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules). Known interested parties were contacted and legal notice was published. Griffin, Blacon, Betty McNulty,[1] and Midwest Real Estate Investment Company (Midwest) all asserted interests in various of the named properties. Only Midwest's claim was timely filed. Griffin, McNulty, and Blacon's claims were dismissed and default judgments entered against them.[2]

The district court ultimately ordered forfeiture subject to Midwest's liens in interest. Griffin and Blacon appealed the forfeiture decree in this consolidated appeal, but neither sought to stay the decree's execution by filing a bond under Fed.R.Civ. P. 62. Of the properties in which Griffin alleged an interest (the real property known as 1454–56 West Pulaski, Chicago, Illinois and the business at that address, Tit's Cocktail Lounge) all were sold. Of the properties in which Blacon alleged an interest (the real property known as 745 South California, Chicago, Illinois, and the business at that address, Blacon II Food and Liquor Store; the real property known as 3853–55 West Ogden, Chicago, Illinois, and the business at that address, Noonies Lounge; 5401–03 West Madison, Chicago, Illinois, and the business at that address, Somon's Lounge; the real property known as 1812 South Millard, Chicago, Illinois; the real property known as 1811 South Harding, Chicago, Illinois; and the real

---

1. McNulty is the president of Blacon Food, Inc.

2. The government also filed a criminal action under 21 U.S.C. § 853(a) against various named individuals which sought criminal forfeiture of the same properties involved in this civil action.

Both Griffin and McNulty were defendants in that action, and this civil case was held in abeyance pending its outcome. Griffin and McNulty were convicted; their criminal appeals are pending before this court.

property known as 5436–38 West Division, Chicago, Illinois), four were sold (the real property known as 745 South California, Chicago, Illinois, and the business at that address, Blacon II Food and Liquor Store; and the real property known as 5401–03 West Madison, Chicago, Illinois, and the business at that address, Somon's Lounge).

The government moved to dismiss Griffin and Blacon's appeals as to the properties already sold, alleging that this court no longer had subject matter jurisdiction over these defendant properties. Blacon alleged that the government failed to comply with the notice and hearing requirements of 21 U.S.C. § 853(n) prior to selling the properties, and that this court therefore retained jurisdiction because the properties were improperly removed. Griffin alleged that she was without sufficient funds to stay the forfeiture decree's execution and that she should be permitted to file her late claim.

## II.

 Criminal forfeiture actions are *in personam* and determine the government's title in property only as against named defendants, while civil forfeiture actions are *in rem* and determine the government's title in property as against the whole world. D. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 2.03, at 2–10 (1988). Under criminal forfeiture, property cannot be sold off after conviction until notice to other potential third party claimants is had pursuant to 21 U.S.C. § 853(n). Under civil forfeiture, however, because such actions determine plaintiff's rights to property as against the whole world, notice and process pursuant to Supplemental Rule C is had when the forfeiture proceeding is initiated, allowing all interested parties an opportunity to prove standing and an opportunity to assert their rights in the named properties.

Jurisdiction in such *in rem* actions is based on the res being located in the district court's territorial jurisdiction, and removal of the res divests this court of appellate jurisdiction. *Folkstone Maritime, Ltd. v. CSX Corp.*, 866 F.2d 955, 957 (7th Cir.1989); *United States v. One 1979 Rolls–Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir.1985). Jurisdiction is retained, however, when property is removed or released accidentally, fraudulently, or improperly from the court's control. *One 1979 Rolls–Royce Corniche Convertible*, 770 F.2d at 716–17. Although execution of a forfeiture decree pending appeal may divest this court of appellate jurisdiction, such execution is not stayed absent the filing of a supersedeas bond. Fed.R. Civ.P. 62. Upon motion to the district court, this bond requirement may be waived in that court's discretion. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988) (five factors to be considered in district court's discretion including movant's precarious financial position).

## III.

Blacon's assertion that the government failed to comply with the criminal forfeiture statute's notice and hearing requirements confuses criminal and civil forfeiture. Criminal forfeiture under 21 U.S.C. § 853(n) requires that third parties, such as Blacon, not named in the underlying criminal action be given notice and an opportunity to be heard after conviction but before the sale of forfeited properties. This is because the criminal action only determined the government's rights in the property as against the named criminal defendants. However, because this was a civil action pursuant to 21 U.S.C. § 881, it determined the government's rights in the property as against the whole world; notice to all potentially interested third parties was had at the outset of the forfeiture proceedings, and no second round of notice and service is required before sale of the defendant properties. Where the government has chosen to pursue its parallel, non-exclusive remedies of both civil and criminal forfeiture, we decline to require compliance with an artificial hybrid of process, not imposed by the statutory scheme. *See* H.R.Rep. No. 1030, 98th Cong., 2d Sess. 191–97, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3374–80; Smith, ¶ 2.03, at 2–10 ("the proceeding *in rem* stands independent of, and wholly unaffect-

ed by any criminal proceeding *in personam*.") (citing *The Palmyra*, 25 U.S. (12 Wheat) 1, 14–15, 6 L.Ed. 531 (1827)).

Griffin, McNulty, and Blacon were all on notice of this civil action and all entered too late. The district court entered default judgments against them.[3] Griffin and Blacon appealed these judgments, but failed to file a bond staying the forfeiture decree's execution. They likewise failed to seek relief from the bond requirements. The government's sale of the defendant properties, therefore, was, and continues to be, proper, until such time as a motion for stay of execution pending appeal is filed. To the extent the government's execution continues to erode this court's jurisdiction absent a stay, Griffin and Blacon are without relief.

Griffin alleges an interest in only two properties, both of which have been sold. Her appeal should therefore be dismissed for lack of subject matter jurisdiction. As to the properties in which Blacon claims an interest and which have been sold, Blacon's appeal should also be dismissed. As to the remaining properties in which Blacon asserts an interest and which have not been sold, the appeal should be allowed to proceed. However, the government remains free to dispose of the properties until Blacon files a bond or seeks a waiver thereof, preserving its alleged interests under Fed. R.Civ.P. 62.[4]

### IV.

Therefore, it is ordered that the appeal as to Griffin is dismissed in its entirety. Further, it is ordered that the appeal as to Blacon is dismissed as to the real property

3. The district court's entry of these default judgments is the subject of Griffin and Blacon's appeals. The district court's order is reviewable only for an abuse of discretion. *See One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d at 716.

4. Contrary to the government's contention, affirmance of McNulty's criminal conviction will not necessarily moot Blacon's civil appeal, as Blacon, and not its president McNulty, has appealed the district court's forfeiture decree. McNulty's case will only determine the government's superior interest in the property as

known as 745 South California, Chicago, Illinois, and the business at that address, Blacon II Food and Liquor Store, as well as the real property known as 5401–03 West Madison, Chicago, Illinois, and the business at that address, Somon's Lounge. It is so ORDERED.

against McNulty, while Blacon's civil claim will continue until either a bond is filed, the rest of the property is sold, or the remaining appeal is adjudicated on the merits. In fact, if McNulty's conviction is affirmed and the government chooses to proceed with its criminal forfeiture remedies instead of its civil ones, the government will have to comply with 21 U.S.C. § 853(n) and Blacon will conceivably be able to assert its third party interest at that time. Whether such claim would be collaterally estopped by this action, we do not begin to consider.