UNITED STATES of America,
Plaintiff/Appellee,

v.

$84,740.00 U.S. CURRENCY, Defendant.

Appeal of Doris POTTER, Administrator
of Estate of Edwin Potter,
Deceased, Claimant.

No. 86–6233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 1989.

Decided April 16, 1990.

Felicia C. Curran and Bernard Knapp, Law Offices of Jerrold M. Ladar, San Francisco, Cal., for claimant-appellant.

Roger E. West, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Before WALLACE and FLETCHER, Circuit Judges, and MUECKE,* District Judge.

## OPINION

MUECKE, Senior District Judge:

This is an appeal from the district court's denial of motion to set aside default judgment under Fed.R.Civ.P. 60(b)(5) and (6). The district court ruled that it lacked juris-

diction to set aside a default judgment because the government had transferred the money to the United States Treasury.

## I. BACKGROUND

The government indicted Edwin Potter for a violation of the Drug Abuse Control Act, 21 U.S.C. § 801 et seq. (1982). When the government arrested him, it also seized $84,740 in cash.

On November 3, 1983, the government filed a civil action seeking the forfeiture of the money pursuant to 21 U.S.C. § 881(a)(6) (1982).[1] Attached to the complaint is a verification form captioned "Verification of Interrogatories." The relevant portion of the verification states:

> 2. I have read the above Answers to Interrogatories and know the contents thereof; and
>
> 3. The Answers to Interrogatories set forth above are true and correct to the best of my knowledge and are based on information obtained from official sources within the United States Government and from files and records in its possession.
>
> I declare under penalty of perjury that the foregoing is true and correct.

The verification is signed by the same person who signed the complaint and is dated the same day as the complaint. No other verification has been filed.

The government served Edwin Potter by certified letter at the Federal Correctional Institution in San Pedro, California. The government also served the forfeiture complaint on Edwin and Doris Potter by sending two certified letters to a post office box. Doris Potter signed for both letters. In addition, the government served by publication of a notice in the Los Angeles Daily Journal.

---

* Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation.

1. 21 U.S.C. § 881(a)(6) (1982) states that "[a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, and all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter" shall be subject to forfeiture. Section 881(a)(6) is a civil forfeiture provision. *See United States v. Henderson,* 844 F.2d 685, 687–88 (9th Cir. 1988).

The Potters did not file a claim to the money or file an answer. On March 29, 1984, the district court entered default judgment and the money was forfeited to the United States Treasury. On April 28, 1986, the estate of Edwin Potter (appellant) filed a motion to abate the forfeiture. The district court denied appellant's motion.

Appellant timely appealed the district court's order.

## II. STANDARD OF REVIEW

This court reviews *de novo* the district court's conclusion that it lacked the subject matter jurisdiction. *See State of California v. United States Dept. of Navy*, 845 F.2d 222, 223 (9th Cir.1988).

## III. DISCUSSION

■ A civil forfeiture case filed pursuant to 21 U.S.C. § 881 is considered to be an action *in rem*. *See United States v. Ten Thousand Dollars in United States Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988) (hereinafter *Ten Thousand Dollars* ). The general rule is that upon the removal of the *res*, the jurisdiction of the court ends. *See id.* Once the *res* is released from the court's control, the court is powerless to effectuate a remedy because it no longer has jurisdiction to order the return of the property. *See United States v. 66 Pieces of Jade*, 760 F.2d 970, 973 (9th Cir. 1985). The only exception to the general rule is if the *res* is removed accidentally, fraudulently, or improperly. *See Ten Thousand Dollars*, 860 F.2d at 1513.

Appellant argues that the district court should have granted its motion to vacate entry of default judgment because the money was removed improperly. Appellant asserts that the money was improperly forfeited to the Treasury because the complaint was not properly verified. Appellant then argues that because the complaint was not verified, the district court did not have jurisdiction over the *res*. The court will consider each of these arguments in turn.

## A. *Verification*

■ The complaint in an *in rem* action must be verified. Fed.R.Civ.P. Supplemental Rule C(2). The Supplemental Rules are silent on the correct form for a verification. The courts must therefore look to the law of the state in which the district court is located to determine what constitutes proper verification. *See United States v. United States Currency, in the Amount of $103,387.27*, 863 F.2d 555, 589–60 (7th Cir. 1988); *United States v. Banco Cafetero, Int'l*, 608 F.Supp. 1394, 1399–1400 (S.D.N.Y.1985), *aff'd*, 797 F.2d 1154 (2d Cir.1986); 7A J. Moore & A. Palaez, *Moore's Federal Practice* C.08, at 662 (2d ed. 1988). In this case, we must look to California law.

■ The California legislature has passed a statute on the proper verification of complaints. California Civil Procedure Code § 446 states that "[i]n all cases of a verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are ... stated on his or her information or belief, and as to those matters that he or she believes it to be true...." The verification should be filed by way of an affidavit. *See* Cal.Civil Proc. Code § 2009 (West 1983); *Star Motor Imports v. Superior Court*, 88 Cal.App.3d 201, 204, 151 Cal.Rptr. 721, 723 (1979) (verification is an affidavit verifying the truth of the matters covered by it).

Cases interpreting § 446 require verification to substantially comply with the statute in substance and form. If the verification is "wholly insufficient in form" it must be treated as a failure to verify. *See* 4 B. Witkin, *California Procedure* § 422, at 468 (1985) (hereinafter Witkin) (citing *Silcox v. Lang*, 78 Cal. 118, 20 P. 297 (1889)); *Ancora–Citronelle Corp. v. Green*, 41 Cal. App.3d 146, 150, 115 Cal.Rptr. 879, 881 (1974) (verification must be in such a form that the criminal sanction of perjury might apply where the material facts declared to be true are, in fact, not true or are not known to be true). But, a mere "technical defect" in form of verification is excusable. *See Sheeley v. City of Santa Clara*, 215 Cal.App.2d 83, 86, 30 Cal.Rptr. 121, 123

(1963) (holding that an attorney's mistaken notarization of an acknowledgment form rather than a verification amounted to "substantial compliance"). Recently, a California appellate court has upheld a verification improperly signed by the petitioner's attorney rather than the petitioner because "the defect [was] one of form which does not affect the substance of the petition." *Soltani–Rastegar v. Superior Court,* 208 Cal.App.3d 424, 428, 256 Cal.Rptr. 255, 258 (1989).

The verification used here deals with answers to interrogatories. The question before the Court is whether signing the form for verification of interrogatories amounts to "substantial compliance" with the requirement that the complaint be verified. The government's failure to use the proper form could have been an excusable "technical defect." The district court reached this conclusion. However, such a conclusion cannot be reached unless the evidence shows that the government intended to verify its belief in the truth of the allegations stated in the complaint.

Contrary to the express requirement of the statute, nothing in the government's verification purports to verify allegations in the complaint. *See* Cal.Civ.Code § 446 (when verifying pleading, "the affidavit of the party shall state *that the same* is true....") (emphasis added); *Ancora–Citronelle,* 41 Cal.App.3d at 150, 115 Cal. Rptr. at 881 ("this 'verification' is consistent with declarant having no knowledge whatsoever of the alleged facts of these pleadings, and that nowhere does it say that those alleged facts are true. It falls far short of the statutory requirement ... of section 446...."). Applying *Ancora–Citronelle*'s perjury analysis, the United States Attorney could only be guilty of lying about answers to interrogatories and not for lying about the allegations in the complaint.

While it is easy to *argue* after the fact that the attorney used an incorrect form, there is no *fact* in the record that says that this is what happened. The only sworn statement in the record is the verification of answers to interrogatories. In the absence of evidence to the contrary, this court cannot review the record and conclude that an attorney did not mean what he said in a sworn statement. *Cf., French v. Smith Booth Usher Co.,* 56 Cal.App.2d 23, 29, 131 P.2d 863, 866 (1942) (court should not inquire into the truth of the verification, but should only examine form and substance). Thus, we conclude that the complaint was not properly verified under Supplemental Rule C(2).

## B. *Effect of Failure to Verify*

■ Whether the failure to file a verified complaint deprives the district court of jurisdiction is a case of first impression in this court. *See Complaint of McLinn,* 744 F.2d 677, 685 (9th Cir.1984) (recognizing, but not deciding, argument that failure to verify complaint under Supplemental Rules may deprive the court of jurisdiction). The other courts that have addressed this issue have uniformly held that when a party fails to verify a complaint, the court does not have jurisdiction over the *res. See Pizani v. M/V Cotton Blossom,* 669 F.2d 1084, 1090 (5th Cir.1982) ("Supplemental Rule C(2) of the Federal Rules of Civil Procedure ... requires the filing of a verified complaint as a prerequisite to obtaining *in rem* jurisdiction."); *Amstar Corp. v. M/V Alexandros T.,* 431 F.Supp. 328, 334 (D.Md. 1977) ("Both Supplemental Rule B(1) and Supplemental Rule C(2) require that an action of this sort be instituted by means of a verified complaint."), *aff'd,* 664 F.2d 904 (4th Cir.1981); *see also United States v. Banco Cafetero Int'l,* 608 F.Supp. 1394, 1400 n. 3 (S.D.N.Y.1985) (dicta), *aff'd,* 797 F.2d 1154 (2d Cir.1986). We believe that these cases are a correct interpretation of the Supplemental Rules and hold that the government's failure to verify the complaint deprived the district court of jurisdiction over the money.

Our decision is merely a logical extension of earlier precedents interpreting the Supplemental Rules. The first step in the civil forfeiture process is the filing of a verified complaint. A subsequent step is the issuance of an arrest warrant. *See* Supplemental Rule C(3). Earlier, this court concluded that a district court did not have *in*

*rem* jurisdiction over the *res* when the plaintiff failed to arrest under process of the court. *See Alyeska Pipeline Serv. Co. v. Vessel Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983), *cert. dismissed,* 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984). If the failure to arrest deprives the court of jurisdiction, the failure to properly file a complaint, *a fortiori,* deprives the court of jurisdiction over the *res.*

 Appellant's decision to wait two years after the entry of default judgment does not constitute a waiver of its ability to challenge the district court's jurisdiction. Supplemental Rule C(6) requires a person to file a claim within ten days of execution of service and then file an answer within twenty days of filing the claim. A claimant need not comply with Supplemental Rule C(6), however, if the government commits procedural errors in executing process. *See United States v. $38,000.00 in United States Currency,* 816 F.2d 1538, 1545–47 (11th Cir.1987) (because the government failed to properly execute process under Supplemental Rule C(3), claimant is not required to follow time limits set forth in Supplemental Rule C(6)). If a court does not have jurisdiction over the *res* from the beginning of a lawsuit, a claimant should not be required to file a claim and answer. If a claimant does not have a legal duty to appear and defend a lawsuit, it follows, therefore, that the claimant's inaction does not constitute a waiver of any legal rights.[2]

 Even though the district court did not have jurisdiction, this case is by no means at an end. When a party fails to properly verify a complaint, the appropriate procedure is for the district court to dismiss the complaint without prejudice. *See $38,000.00 in United States Currency,* 816 F.2d at 1547–49 (dismissal of forfeiture complaint without prejudice and with leave to amend); *Complaint of McLinn,* 744 F.2d at 685 (on remand, plaintiffs may seek to cure jurisdictional defects); 7A *Moore's*

*Federal Practice* C.08, at 662 (suggesting complaint without verification may be amended to cure the defect). The government should have the opportunity to request that the district court allow amendment of its complaint. Accordingly, a remand of this matter is in order.

Finally, we note that the result in this case will not cause any real harm to the government's efforts in the war on drugs. This decision only says that the United States Attorneys must follow the verification requirements in their particular state. Had the attorney acted with less haste, this problem would not have occurred. Moreover, this decision simply tells the district courts that when reviewing forfeiture complaints at the beginning or entering default judgments at the end, they must do more than give the record a cursory glance. Because verification is jurisdictional, the district court must review the complaints to determine that it has jurisdiction to order execution of process or enter default judgment.

## CONCLUSION

We hold that the government's failure to properly verify the complaint deprived the district court of jurisdiction over the money. The *res* was therefore removed improperly. Accordingly, the district court erred in ruling that it did not have jurisdiction to hear appellant's motion. *See Ten Thousand Dollars,* 860 F.2d at 1513 (if *res* removed improperly court still has jurisdiction). The decision of the district court is reversed. This case is remanded to the district court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

2. Even if this court were to conclude that appellant waived its right to file a claim to the money, this court would still have to determine whether the district court had jurisdiction over the *res. See United States v. Beechcraft Queen*

*Airplane Serial Number LD–24,* 789 F.2d 627, 630–31 (8th Cir.1986) (even though court affirmed striking of claimant's answer to forfeiture complaint, it still addressed issue of jurisdiction over the *res* ).