929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1984 MERCEDES, 300 SD VIN # WDBCB20AXEA035334, National
City Bank, Defendants,
Belinda Griffey, Claimant-Party in Interest-Appellant.
 
 No. 90-3674.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 N.D. Ohio, No. 90-00435; Mauos, J.
 N.D.Ohio
 APPEAL DISMISSED.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The United States filed a complaint for civil forfeiture under 21 U.S.C. Sec. 881 against a 1984 Mercedes Benz 300 SD (the "automobile"). Belinda Griffey, the titled owner of the automobile, asserted a claim as an innocent owner in the forfeiture proceedings. The district court, after a hearing, found Griffey's claim was not well-grounded and ordered forfeiture of the automobile to the United States. The forfeiture judgment, entered July 10, 1990, directed the sale of the automobile and the distribution of the proceeds of the sale. Griffey appealed the judgment, but a stay of execution was not entered. On August 30, 1990, the automobile was sold and the proceeds have been distributed.
 
 
 2
 Because civil forfeiture proceedings are in rem, the court's subject matter jurisdiction is dependent on its continuing control over the property. United States v. $84,740.00 U.S. Currency, 900 F.2d 1402, 1404 (9th Cir.1990); United States v. Tit's Cocktail Lounge, 873 F.2d 141, 143 (7th Cir.1989) (per curiam). The release or removal of the property from the control of the court will terminate subject matter jurisdiction, unless the property is released accidentally, fraudulently, or improperly. United States v. $84,740.00 U.S. Currency, 900 F.2d at 1404; United States v. One Lear Jet Aircraft, Etc., 836 F.2d 1571, 1574 n. 2 (11th Cir.) (en banc), cert. denied, 487 U.S. 1204 (1988). Griffey has not demonstrated, and the record below does not indicate, that the sale of the automobile was accidental, fraudulent, or improper. Thus, this court's jurisdiction over the appeal terminated with the sale of the automobile and the distribution of the proceeds.
 
 
 3
 It therefore is ORDERED that the appeal is dismissed for lack of subject matter jurisdiction.