933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
CADILLAC SEDAN DEVILLE, 1983, VIN # 1G6AD69NOD9140371, Defendant,
and
Craig E. Armstrong, Claimant-Appellant.
 
 1
 No. 90-4054.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 May 30, 1991.
 
 
 4
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 5
 The United States filed a complaint for civil forfeiture under 21 U.S.C. Sec. 881 against the defendant Cadillac Sedan Deville (the "automobile"). Craig E. Armstrong, the titled owner of the automobile, asserted a claim as an innocent owner in the forfeiture proceedings. The district court, after a hearing, found Armstrong's claim was not well-grounded and ordered forfeiture of the automobile to the United States. Armstrong appealed the judgment, but did not request a stay of execution. On February 27, 1991, the automobile was transferred to the Department of Police, Stow, Ohio.
 
 
 6
 Because civil forfeiture proceedings are in rem, the court's subject matter jurisdiction is dependent on its continuing control over the property. United States v. $84,740.00 U.S. Currency, 900 F.2d 1402, 1404 (9th Cir.1990); United States v. Tit's Cocktail Lounge, 873 F.2d 141, 143 (7th Cir.1989) (per curiam). The release or removal of the property from the control of the court will terminate subject matter jurisdiction, unless the property is released accidentally, fraudulently, or improperly. United States v. $84,740.00 U.S. Currency, 900 F.2d 1404; United States v. One Lear Jet Aircraft, Etc., 836 F.2d 1571, 1574 n. 2 (11th Cir.) (en banc), cert. denied, 487 U.S. 1204 (1988). Armstrong has not demonstrated, and the record below does not indicate, that the transfer of the automobile was accidental, fraudulent, or improper. Thus, this court's jurisdiction over the appeal terminated with the transfer of the automobile from the control of the United States.
 
 
 7
 It therefore is ORDERED that the appeal is dismissed for lack of subject matter jurisdiction.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation