985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
A 1985 CADILLAC FLEETWOOD, VIN # 1G6CB6989F4299723; a 1989
Suzuki Motorcycle, Vin # JS1GR77A2J2100937,
Defendants-Appellants,
Robyn Price; Robert Carter, Claimants-Appellants.
 
 1
 No. 91-3388.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 Sept. 12, 1991.
 
 
 4
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 5
 Claimants Robyn Price and Robert Carter appeal the summary judgment entered in this civil forfeiture action ordering that the defendant automobile and the defendant motorcycle be forfeited to the government pursuant to 21 U.S.C. § 881(a)(6). The government moves to dismiss the appeal on the grounds that the automobile has been transferred to the Internal Revenue Service and the motorcycle has been sold, thus depriving this court of subject matter jurisdiction. Claimants have not responded to the motion to dismiss.
 
 
 6
 Civil forfeiture proceedings are in rem proceedings and the court's subject matter jurisdiction is dependent on its continued control over the property. United States v. $84,740.00 U.S. Currency, 900 F.2d 1402, 1404 (9th Cir.1990); United States v. Tit's Cocktail Lounge, 873 F.2d 141, 143 (7th Cir.1989) (per curiam). The release or removal of the property from the control of the court will terminate subject matter jurisdiction, unless the property is released accidentally, fraudulently, or improperly. United States v. $84,740.00 U.S. Currency, 900 F.2d at 1404; United States v. One Lear Jet Aircraft, Etc., 836 F.2d 1571, 1574 n. 2 (11th Cir.) (en banc), cert. denied, 487 U.S. 1204 (1988). Upon review, we conclude that this court's jurisdiction over the appeal terminated with the transfer of the defendant vehicles from the control of the court.
 
 
 7
 It therefore is ORDERED that the motion to dismiss is granted and this appeal is dismissed for lack of subject matter jurisdiction.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation