UNITED STATES of America, Plaintiff–Appellee,

v.

CERTAIN REAL AND PERSONAL PROPERTY BELONGING TO Ronald Jerome HAYES, etc., et al., Defendants,

Sylvia Hayes, Third–Party Defendant–Appellant.

No. 90–7232.

United States Court of Appeals, Eleventh Circuit.

Oct. 4, 1991.

**1294**

Marvin L. Stewart, Jr., Najjar, Denaburg, Meyerson, Zarzaur, Max, Wright & Schwartz, Birmingham, Ala., for third-party defendant-appellant.

Frank W. Donaldson, U.S. Atty., James D. Ingram, Asst. U.S. Atty., Birmingham, Ala., for United States.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

This is an appeal from a judgment forfeiting certain real property located at 1720 7th Avenue West in Birmingham, Alabama, to the United States Government. 21 U.S.C. § 881(a)(7). The claimant is the wife of a criminal defendant who dealt in drugs from the family home. She challenged the forfeiture as to her one-half interest in the property on the ground that she was an innocent owner. The district court denied claimant's motion for summary judgment. After trial, judgment was entered in favor of the Government when claimant failed to put on any evidence.

Although claimant filed a timely notice of appeal, she failed to seek a stay of the district court's order. Shortly after the 10–day automatic stay expired, the property was sold by the United States Marshal. Since this is strictly an *in rem* action and the property has been sold pursuant to court order to a third person not a party to this action, we dismiss the appeal for lack of continuing *in rem* jurisdiction. In the alternative, we would affirm the district court's decision on the merits.

Ronald Hayes, the husband of the claimant in this case, Sylvia Hayes, was convicted of distributing cocaine. The couple jointly owned the property against which the Government instituted this civil forfeiture action under 21 U.S.C. § 881(a)(7). The Government maintained the home was used as a drop off point for cocaine deliveries. Mrs. Hayes claimed that she had no knowledge of the drug transactions which allegedly took place in her home and challenged the forfeiture as to her one-half interest on the ground she was an innocent owner. 21 U.S.C. § 881(a)(7).

Mrs. Hayes filed a motion for summary judgment which the district court denied. At the ensuing trial, the claimant elected not to present any evidence on her behalf, deciding instead to allow judgment to be entered against her and to appeal the denial of summary judgment.

Instead of requesting a stay of execution pursuant to Fed.R.Civ.P. 62, claimant filed a notice of lis pendens on April 26, 1990, in accordance with Alabama statute §§ 35–4–130 to 35–4–139. Two days later, the Government sold the property to an unrelated third party at public auction.

We hold that the failure to request a stay or post a supersedeas bond, combined with the subsequent sale of the property under court order to a third party, has deprived this Court of *in rem* jurisdiction. This Circuit has not previously decided the precise jurisdictional issue presented in this case. *United States v. One Lear Jet, Serial No. 35A–280*, 836 F.2d 1571 (11th Cir.) (en banc), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1988), relied upon by the Government in its argument for dismissal, involved an airplane which was taken by the Government from the territorial jurisdiction of this Court during the pendency of the appeal. No stay having been entered, this Circuit held that it was without *in personam* jurisdiction over the Government that would have enabled the court to require the return of the plane. Therefore, this Court lost *in rem* jurisdiction when the *res* was legally removed from the territorial jurisdiction of the Court.

While some other circuits have not followed *One Lear Jet*'s holding that the court does not have *in personam* jurisdiction in an *in rem* proceeding, it remains the

law in this Circuit. *See United States v. $95,945.18 in U.S. Currency*, 913 F.2d 1106, 1109 (4th Cir.1990) (holding that although money had been released into U.S. Treasury court retained *in personam* jurisdiction over Government and could order return of funds); *United States v. Aiello*, 912 F.2d 4, 6–7 (2d Cir.1990) (same). As recently as June of this year, this Court applied *One Lear Jet* to a case where the property subject to forfeiture had been sold pursuant to an interlocutory decree and the proceeds had been transferred to the Assets Forfeiture Account of the United States Treasury. *United States v. One Single Family Residence*, 932 F.2d 1433 (11th Cir.1991). Moreover, even if we had *in personam* jurisdiction over the Government, the claimant would not be aided because the Government no longer owns the property.

■ As for our *in rem* jurisdiction, this case is unlike *One Lear Jet* because it involves real property which, despite the sale to a third party, physically remains within the territorial boundaries of the Court. But the question is not whether the property remains where the Court *could* with proper procedures exercise control over the property, but whether the Court currently has control of the property. A court loses "control" of the *res* when the Government executes judgment, either by depositing currency into the Treasury or by selling the property which has been seized. *One Single Family Residence*, 932 F.2d at 1436. As the Second Circuit observed in *United States v. Aiello*, 912 F.2d 4, 6 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 757, 112 L.Ed.2d 777 (1991), this theory has been widely applied to cases involving movable property or funds. *See, e.g., United States v. $2,490.00 in United States Currency*, 825 F.2d 1419, 1420 (9th Cir.1987) (court's jurisdiction is dependent on its continuing control over property); *United States v. $79,000.00 in United States Currency*, 801 F.2d 738, 739 (5th Cir.1986) (court's power derives solely from control over defendant *res*); *United States v. 66 Pieces of Jade*, 760 F.2d 970, 973 (9th Cir.1985) (same). In *United States v. Tit's*

*Cocktail Lounge*, 873 F.2d 141, 144 (7th Cir.1989), the Seventh Circuit concluded that this concept applied equally to the sale of real property. That court found that once a forfeiture decree has been executed, the court is deprived of any further jurisdiction over the property.

■ Civil forfeiture actions are *in rem* proceedings which determine the Government's title to the property as against the whole world. *United States v. Tit's Cocktail Lounge*, 873 F.2d at 143. When the property is sold after judgment pursuant to a valid decree of the court, the power of the court over the property is lost. The release or sale of the property to individuals over whom the court has no control severs the link with the initial service of process and deprives the court of jurisdiction. *See, e.g., 66 Pieces of Jade*, 760 F.2d at 973 (Government had released car and jewelry to customs service thus removing them from court's control and eliminating jurisdiction); *United States v. $79,000 in Currency*, 801 F.2d at 739 (court loses *in rem* jurisdiction when it loses control of property).

In *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc), a panel of this Court concluded that it had jurisdiction to hear the Government's appeal from a grant of summary judgment to a claimant even though the dozer in question had been released to the claimant, a party to the appeal. In that case, the property not only remained within the territorial bounds of the court but had been released to the claimant, who was a party before the court, on the condition that he would "keep the property within the territorial jurisdiction of the court." Thus, the *res* remained in the hands of one of the litigants and had not been sold or released to a stranger to the litigation.

■ The filing of a notice of lis pendens does nothing to alter this outcome. Lis pendens is merely a notice of pending litigation. It does not confer jurisdiction. The notice of lis pendens informed prospective purchasers that they should look to the litigation to determine when and if it was safe to purchase the property involved in

the lawsuit. In this case, the district court's order specifically gave the Government the right to dispose of the property after the expiration of the automatic stay. "By complying with the district court's order, the government's conduct in executing upon the judgment was neither fraudulent nor improper." *United States v. One Single Family Residence*, 932 F.2d at 1437. The prospective purchaser with notice of litigation, therefore, was justified in concluding that the Government could lawfully dispose of the property if no stay was filed, even if an appeal was pending. Counsel for claimant has not provided us with any case holding that in a federal forfeiture case a purchaser of property takes subject to the outcome of an appeal. We have found no federal authority that holds a notice of lis pendens can circumvent the need to apply for a stay if the Government is to be prevented from conveying good title to the subject property.

■ Requiring application for a stay works no hardship even on an indigent claimant. A bond requirement may be waived in a court's discretion. *See Tit's Lounge*, 873 F.2d at 143. In an order dated February 27, 1990, the district court emphasized to claimant that if she wanted to prevent the Government from selling the property, she would have to petition the court for a supersedeas bond. Her failure to follow the district court's instructions has resulted in the termination of this Court's jurisdiction to hear this appeal.

■ This case probably could be viewed in terms of mootness. A case becomes moot when the case no longer presents a live controversy. *Love v. Turlington*, 733 F.2d 1562 (11th Cir.1984). The sale of the property to a third-party purchaser has terminated this Court's ability to grant the claimant her requested remedy, the return of her one-half interest in the property. This is the position adopted in two bankruptcy opinions from the Ninth Circuit which hold that a notice of lis pendens does not serve the same function as a stay and does not preserve the requirement of a live case or controversy. Accordingly, they found that the sale of the property during

the pendency of the appeal rendered the case moot, despite the filing of a notice of lis pendens. *See In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir.1988); *Matter of Brickyard*, 735 F.2d 1154, 1158 (9th Cir.1984).

Even if we had jurisdiction, claimant would not prevail because we would affirm the district court's denial of summary judgment. Section 881(a)(7) permits forfeiture of "all real property ... which is used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, a violation of this title punishable by more than one year's imprisonment." 21 U.S.C.A. (West Supp.1991). Sylvia Hayes did not seriously contend that her husband did not use the property in a way to permit forfeiture of his one-half interest in the property. Rather, she argued that her interest could not be forfeited under the statute's exception:

> Except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of an act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner. 21 U.S.C. § 881(A)(7).

■ Once the Government shows probable cause to believe the property has been used to facilitate illegal drug transactions, the burden shifts to the claimant of proving by a preponderance of the evidence that she was an innocent owner. *See* 21 U.S.C. § 881(a)(7); *United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 629 (11th Cir.1986). To establish an innocent ownership defense, a claimant must prove more than mere innocence. She must demonstrate a lack of knowledge concerning the illegal activities involving the property or a reasonable effort to prevent the use of the property for illegal purposes. *United States v. 1976 Cessna Model 210L Aircraft*, 890 F.2d 77, 80 (8th Cir.1989). A trial court's determination of an innocent owner claim may be reversed only if clearly erroneous. *United States v. Real Proper-*

*ty at 5000 Palmetto Drive,* 928 F.2d 373 (11th Cir.1991).

■ The claimant faults the district court for concluding in its order denying summary judgment that once the Government demonstrated probable cause to believe the property was subject to forfeiture, "no amount of evidence entitles claimant to summary judgment because the probable cause determination establishes a factual dispute." The claimant notes that probable cause relates only to the connection between the property and the alleged illegal activity, and has no bearing on the knowledge or participation of the property's owners. As a result, she contends that the district court applied the wrong legal standard to her motion for summary judgment.

The difficulty with this argument is that claimant has failed to show there was no issue of fact as to her innocent owner status. Although the claimant repeatedly states that there is no evidence in the record which suggests she had any knowledge of the drug transactions occurring in her home, the fact is that the court had before it an affidavit from one of the officers who executed the search warrant at the residence. In the affidavit, he indicates that Mrs. Hayes was at the house when they arrived and that she elected to leave while they conducted the search. During the course of their investigation, the officers discovered a suitcase containing cocaine residue in the den of the home. The evidence also demonstrated that claimant's husband had used the home as a delivery station for illegal drugs. The activity, while not constant, was at least regular. This raises an inference that the claimant was not entirely ignorant of the circumstances surrounding her husband's activities. The district court cannot be faulted for deciding this evidence was sufficient to create a genuine issue of fact concerning the claimant's knowledge of the illegal activities at summary judgment.

■ A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing. *Marcus v. St. Paul Fire & Marine Ins. Co.,* 651 F.2d 379, 382 (5th Cir. Unit B 1981). Trial courts may "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). A trial court's decision to *deny* summary judgment is reviewed only for an abuse of discretion. *Johnson v. Bryant,* 671 F.2d 1276, 1279 (11th Cir.1982). There was no reversible error in the district court's denial of summary judgment.

At trial, the claimant had the opportunity to present her evidence of innocent ownership and challenge the evidence of the Government. The trial court could then have reviewed the claimant's evidence of innocent ownership on its merits without the presumptions in favor of the non-moving party during summary judgment. For whatever reason, she elected not to do so and judgment was properly entered against her.

DISMISSED FOR LACK OF JURISDICTION.