Filed 10/15/15  Vinson v. Randle CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAURA VINSON,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JEREMIAH RANDLE,<br><br>        Defendant and Appellant. | B254994<br><br>(Los Angeles County<br>Super. Ct. No. BC479286) |

APPEAL from judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed.


Jeremiah Randle, in pro. per., for Defendant and Appellant.


No appearance for Plaintiff and Respondent.


_____

## INTRODUCTION

Defendant Jeremiah Randle appeals the trial court's entry of default judgment against him, asserting Plaintiff Laura Vinson failed to properly verify the first amended complaint. In this case, Randle moved to strike in response to Plaintiff's first amended complaint. The court denied Randle's motion to strike due to improper service. Randle never answered the first amended complaint within the time allotted by the court, defaulted, and then failed to move to set aside the default prior to this appeal. We affirm because Randle has not proven that the verification in the first amended complaint was substantively deficient, has improperly attacked the merits of the case following default, and has waived his arguments on appeal by failing to provide citation to the record, citation to relevant authority, and reasoned argument.

## FACTS AND PROCEDURAL BACKGROUND

In February 2012, Plaintiff filed a complaint against Randle and others requesting equitable relief, an injunction, and damages. Plaintiff alleged that she was involved in a family law case with Randle, and that she owned a community property interest in a company that held title to several real properties. Plaintiff asserted that Randle violated the family law court's order by selling the several real properties held by the company without her authorization. She alleged causes of action for fraudulent transfer, civil conspiracy, conversion, and fraud. In response, Randle moved to strike the complaint because it was not verified. Plaintiff responded by amending her complaint and Plaintiff's counsel verified the first amended complaint.

Randle moved to strike again, arguing that the verification in first amended complaint failed to comport with statutory requirements set forth in Code of Civil Procedure[1] section 446. In August 2012, the court denied the motion because Randle did not properly serve the motion on Plaintiff, and ordered Randle to answer the complaint in 10 days. Randle never answered the complaint. Rather, in September 2012, Randle

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise designated.

2

again moved to strike the complaint. The court denied this motion to strike as untimely. Plaintiff moved for entry of default and the court granted it on October 15, 2012.

Randle then filed an answer and a cross-complaint against Plaintiff on October 22, 2012. Plaintiff moved to strike Randle's answer and cross-complaint because those pleadings were filed after Randle's default was taken and Randle never moved to set aside the default or requested leave to file those pleadings. The court granted the motion to strike.

The court entered judgment against all defendants, including Randle in February 2014, and awarded Plaintiff $150,000 in damages for which each defendant was jointly and severally liable. On March 10, 2014, Randle noticed the present appeal. On that same day, Randle moved to vacate and set aside the default judgment.

## DISCUSSION

### 1. The Default Was Proper

Randle failed to answer the first amended complaint within the time allotted by the trial court. Accordingly, the court entered default judgment against him. (See § 586(a)(2) [if a defendant's motion to strike is denied, the defendant must answer the complaint within whatever time is ordered by the court]; § 585 [stating that the defendant's failure to answer after being served is a ground for default judgment].) After default was entered, Randle's remedy was a motion under section 473 to set aside the default. Until the default was set aside, Randle's procedural rights were cut off. "Substantively, '[t]he judgment by default is said to "confess" the material facts alleged by the plaintiff, i.e., the defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint. The judgment is, in consequence, res judicata on the issue of the right to the relief awarded.' " (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823, italic omitted (*Steven M. Garber*).) " 'A defendant against whom a default has been entered is out of court, and is not entitled to take any further steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or

3

move for a new trial, or demand notice of subsequent proceedings.' " (*Mackie v. Mackie* (1960) 186 Cal.App.2d 825, 832, fn. 5.)

As noted, Randle failed to file a section 473 motion until the date the notice of appeal was filed in this case. The pendency of the present appeal effectively divested the trial court of its jurisdiction to consider the set aside motion, and no ruling on that motion is before us. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196-197.) Thus, we solely review the court's default judgment. "In an appeal from a default judgment, review of the default judgment is limited to questions of jurisdiction, sufficiency of the pleadings and excessive damages, if the damages awarded exceed the sum sought in the complaint." (*Steven M. Garber, supra,* 150 Cal.App.4th at p. 824.) The entry of default bars the defendant from advancing arguments regarding the merits of the case on appeal. (*Id.* at p. 823.)

Here, Randle asserts that the first amended complaint should have been stricken by the trial court because it was not properly verified. The remainder of Randle's arguments address the merits and facts of the case, as Randle asserts that the court erred in quieting title to the property and by awarding damages.[2] As stated above, these arguments regarding the merits of the case are improper on appeal from a default judgment and we do not consider them.

To the extent that Randle asserts the first amended complaint was insufficient because it was not properly verified, we disagree. In assessing the adequacy of a verification, "[t]he oath or declaration must be in such form that criminal sanctions of perjury might apply where material facts so declared to be true, are in fact not true or are not known to be true." (*Ancora-Citronelle Corp. v. Green* (1974) 41 Cal.App.3d 146, 150.) Here, in the verification, Plaintiff's attorney stated: "I have read the foregoing complaint and know the contents thereof. With respect to the facts contained therein, and to the causes of action alleged on behalf of Plaintiff, I believe the facts to be true, and

---

[2] Randle does not contend the damages are excessive on appeal. Rather he makes an unsupported assertion that the court abused its discretion in awarding general damages, special damages, and punitive damages.

4

based this assertion in good faith on information and belief." The attorney signed the verification, explicitly stating that his statement regarding the contents of the pleading was "being made under penalty of perjury under the laws of the State of California." Randle alleges that the verification was nonetheless defective because Plaintiff's attorney failed to provide an explanation as to why the first amended complaint was not signed by Plaintiff. (See § 446 [requires the attorney to explain why the client could not sign the verification].)

This minor defect does not require reversal of the default judgment. A verification signed by the party's attorney may be upheld without the required explanation as to why it was not signed by the party because the lack of explanation is a matter of "form" rather than "substance." (See *Soltani-Rastegar v. Superior Court* (1989) 208 Cal.App.3d 424, 428 ["[W]hile petitioner's counsel should have explained why he, and not his client, verified the petition (Code Civ.Proc., § 446), the defect is one of form which does not affect the substance of the petition."].) In this case, the attorney's omission regarding the reason as to why his client could not sign the first amended complaint did not change or impact the substance of his statement that he believed the contents of the complaint to be true. The explanation of why his client could not sign the verification was merely a formality, and thus did not impact the validity or sufficiency of the first amended complaint.

As the first amended complaint was sufficient and as Randle has failed to make any other arguments that we may address on appeal, we affirm the default judgment.

## 2.    *Randle  Has Waived His Arguments on Appeal*

One of the fundamental rules of appellate review is that an appealed judgment is presumed to be correct and " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Randle, as the appellant, has the burden of overcoming the presumption of correctness. "To demonstrate error, [the] appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Plaintiff's burden on appeal requires "more than simply stating a bare assertion that the

judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 8:17.1, p. 8–6, citing *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) In cases like this one, when the appellant asserts a point but fails to support it with reasoned argument and citations to authority, we may treat it as waived and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; see, e.g., *Taylor v. Roseville Toyota, Inc.* (2006) 138 Cal.App.4th 994, 1001, fn. 2 [contention forfeited, where it is "merely asserted without argument or authority"].)

Throughout his entire appellate brief, Randle sets forth bare assertions regarding how the court erred in denying his motion to strike and allowing Plaintiff to proceed with her case. Randle does not address the issues he has raised with citation to the record, citation to relevant authority, and reasoned argument. Randle thus failed to overcome the presumption of correctness and has waived these arguments. We therefore affirm on this basis as well.

**DISPOSITION**

The judgment is affirmed.  No costs are awarded on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

JONES, J. [*]

We concur:

EDMON, P. J.

ALDRICH, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.